# Williamson *v.* New Orleans Insurance Association.

*Action on Fire Insurance Policy.*

1. *Relevancy of evidence as to time of ginning and selling crops.*—In an action on a policy of insurance against fire, on a gin house, with all attachments, cotton seed and cotton contained therein, the fire having occurred in February or March, before the expiration of the policy, the defendant can not be allowed to prove that farmers in that neighborhood usually gathered, ginned and marketed their crops before that time.

2. *Representations as warranties; mistake of agent.*—Where the answers to questions contained in the application for insurance which are declared to be warranties, are written down by the agent of the insurer, but not in accordance with the answers given orally by the person effecting the insurance, the insurer can not take advantage of the mistake, misconstruction, or wrongful act of his own agent.

3. *Burden of proof; breach of warranty as defense.*—The condition of the title to the insured property as stated being declared a warranty, the *onus* is on the plaintiff to show that he made a full and true statement of the facts; and an alleged breach of the warranty is not a technical defense, but should receive the same consideration as any other meritorious defense.

APPEAL from Lee Circuit Court.

Tried before Hon. H. D. CLAYTON.

This was an action by appellant, Williamson, for loss by

fire of gin house, gearing, belting, &c., cotton and cotton seed, covered by two insurance policies issued to Williamson alone. There was but one application upon which the two policies were issued. This application was made by one Carroll, the agent of plaintiff Williamson. In this application were certain questions and answers purporting to be the answers of the applicant, which answers were written down by the agent of defendant, and the application was then signed by plaintiff's agent. The questions and answers, as they appeared in the application, stated that Williamson was the sole and undisputed owner in fee simple title of the property to be insured, and that there was no incumbrance on the plantation on which the gin house was situated. The property insured and the plantation was owned jointly by Williamson and Carroll. There was evidence that Carroll told Abrams, the insurance agent, the condition of the ownership of the property by Williamson and himself at the time of the application and afterwards, and that Abrams said that "it was all right" and wrote the answers as they appeared in the application. Abrams testified that Carroll did not tell him otherwise than was stated in the application and that he did not know or hear of any other interest or ownership than that expressed in the application. The policies expressly stated that the application was part of the contract of insurance, and contained the following stipulation: "It is further expressly covenanted by the parties hereto, that no officer, agent, or representative of this association shall be held to have waived any of the terms and conditions of this policy unless such waiver shall be endorsed hereon in writing." The court, against plaintiff's objection, admitted evidence that farmers in the neighborhood of the insured property usually gathered, ginned, and marketed their cotton before the time of the year February or March, at which time the fire occurred, and gave the following charge at request of the defendant, to which plaintiff excepted: "The policies and the application in this case constitute warranties, and are to be so considered by the jury; and if they find that Carroll had a half interest, or any interest, in the land on which the gin house was located, and the court charges the jury that a deed from Shaphard made to Carroll and Williamson on the 10th of December, 1880, made Carroll a half owner in the lands,—then that was a breach of the warranty and will prevent a recovery, unless the jury can find from the evidence that the fact that Carroll had such half interest was made known to Mr.

Abrams, at the time of making the application for the policy, and the fact that the questions were asked, and answered by Carroll, stating that Williamson was the sole owner, is a proper matter to look at in determining whether such information was given Mr. Abrams."

J. M. CHILTON and W. J. SAMFORD, for appellant, cited *Spiva v. Stapleton*, 38 Ala. 171; 1 Greenleaf's Ev. § 52; May on Ins. § 58; *Ala. G. L. Ins. Co. v. Johnson*, 80 Ala. 467.

A. & R. B. BARNES, *contra.*

CLOPTON, J.—The evidence that the farmers in the neighborhood in which the insured property was situated usually gather, gin and market their cotton before the time of year at which the fire occurred, was improperly admitted. There was no issue joined between the parties to which the evidence was relevant. The plaintiff was not under obligations to gin and market his cotton before any specified time. It was his privilege to let it remain in the gin-house, until such time as suited his convenience to remove it. He was authorized to keep it in the gin-house during the entire time the policy was in force, and rely upon the insurance for his protection.

The answers to the questions contained in the application for insurance are made a part of the contract and express. warranties of their truth. Notwithstanding this, if the agent of the insured made true statements of the condition of the title and ownership of the property to the agent of the defendant at the time the application for insurance and the answers were made, and the agent of the defendant nevertheless wrote the answer as appears in the application, thus substituting an answer which was untrue, the answer is the statement of the agent and not of the assured. In such case, the defendant will not be permitted to take advantage of the wrongful act, or misconstruction, or mistake of its own agent, and avoid the policy, the insured being without fault.—*Ala. Gold Life Ins. Co. v. Garner*, 77 Ala. 210.

The charge of the court withdrew from the consideration of the jury the evidence, tending to show that the assured made a full and truthful statement of the condition of the title to the property, at the time of making the answers, and that the answers, as written therein, were made by the agent

[Thornton, by next friend, v. Sheffield & Birmingham R. R. Co.]

of the defendant, at his own suggestion and upon his own volition.

The burden is upon the plaintiff to show that he made a full and true statement of the condition of the title. The defense of a breach of the warranty is not technical, and should receive the same consideration as any other meritorious defense.

Reversed and remanded.