# Commercial Union Assurance Co. v. Ryalls.

### *Action on Insurance Policy.*

(Decided Nov. 29, 1910.  53 South. 754.)

*Insurance; Fire Policy; Interest in Land; Interest of Insured.*— S. agreed to sell to plaintiff and another certain real estate on condition that the purchaser should erect certain buildings on the land by Jan. 1, 1907, and by the 1st day of February, 1907, should erect certain other buildings, whereupon, on such date, S. would convey to plaintiff and another for a price fixed the lands described; the contract contained the provision that if the purchasers should not have completed the house first to be built by the day named, the contract should be void, and if the second building should not have been completed by the date named, the contract should terminate. Plaintiff afterwards acquired the interest of his co-purchaser, and pending the erection of the first named building plaintiff procured a contract of insurance and prior to the completion of the building it burned. Held, plaintiff had an insurable interest in the building.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

- Action by J. Ryalls against the Commercial Union Assurance Company to recover on a fire insurance policy. Judgment for plaintiff and defendant appeals. Affirmed.

LOUIS JEFFRIES, and COLEMAN, DENT & WEIL, for appellant. In considering the validity and binding effect of a contract of insurance, it may be stated to be elementary, that a breach of a condition precedent avoids the policy of insurance absolutely.—*Phoenix Insurance Co. v. Copeland*, 86 Ala. 551; *Collins v. St. Paul Fire, etc., Co.*, 44 Minn. 440; *Phoenix Insurance Co. v. Public Parks Am. Co.*, 63 Ark. 187; *Baldwin v. New Hampshire Fire Ins. Co.*, 105 Iowa 379; 2 Cooley's Briefs on Ins., pp. 1169, 1170-1, 1204-5. Where a policy of insurance contains the stipulation that said policy is void, if the interest of the insured is other than sole and unconditional ownership, or if the house which is insured is located on lands which the insured does not own in fee simple, such stipulation is considered as partaking of the nature of a condition precedent. Therefore, if the interest of the insured is other than the sole and unconditional ownership, or the insurer is not the owner in fee simple of the land on which the house insured is located, then the policy is void.—*Western Assurance Company v. Altheimer*, 58 Ark. 565; *Kells v. Livestock Insurance Co.*, 64 Minn. 39; *Franklin v. Atlantic Fire Ins. Co.*, 42 Mo. 456; *Mt. Leonard Milling Co. v. Liverpool, London & Globe Ins. Co.*, 25 Mo. App. 259; *Manhattan Fire Insurance Co. v. Weil*, 28 Grattan, 389. If a policy of fire insurance provides that it shall be void if the ownership is not absolutely in fee simple or sole and unconditional, or if the interest is not truly stated, a disclosure of the true state of the title is absolutely necessary.—*Syndicate Insurance Co. v. Bohn*, 27

L. R. A. 614; *Mechanics & Traders Ins. Co. v. Real Estate, etc., Assn.,* 98 Ga. 262; *Westchester Fire Ins. Co. v. Weaver,* 70 Md. 540; *Rohrbach v. Germania Fire Ins. Co.,* 62 N. Y. 47; 2 Cooley's Briefs on Ins., pp. 1332, 1334, 1339, 1361, 1371, 1376-7. The condition of the title or interest in the property insured is a fact material to the risk which must be truly and fully stated.— *Planters Mut. Ins. Co. v. Lloyd,* 67 Ark. 584; 56 S. W. 44, 77 Am. St. Rep. 136; *Eminence Mut. Ins. Co. v. Jesse,* 1 Metc. (Ky.) 523; *Wilbur v. Bowditch Mut. Ins. Co.,* 10 Cuch. (Mass.) 446; *Monaghan v. Agricultural Fire Ins. Co.,* 53 Mich. 238; 18 N. W. 797; *Aetna Ins. Co. v. Resh,* 40 Mich. 241; *Van Kirk v. Citizens Ins. Co.,* 79 Wis. 627, 48 N. W. 798. In the leading case of *Columbia Ins. Co. v. Lawrence,* 2 Pet. 25, 7 L. Ed. 335, and Id. 10 Pet. 507, 9 L. Ed. 512, statements as to title are regarded as material, on the ground that they might, and probably would, influence the mind of the underwriter in accepting or declining the risk; the theory being that on the interest of the insured depends the extent to which he would probably protect his property from loss. In other words, it is their relation to the moral hazard that the materiality of statements as to title or interests rests. This principle is also approved in *Phoenix Ins. Co. v. Hamilton,* 14 Wall. 504, 20 L. Ed. 729; *Capitol City Ins. Co. v. Caldwell,* 95 Ala. 77, 10 South. 355; *Day v. Charter Oak Fire & Marine Ins. Co.,* 51 Me. 91; *Catron v. Tenn. Ins. Co.,* 6 Humph. (Tenn.) 176. On the other hand, if the policy contains a clause that it shall be void if the building stands on leased ground, or on ground not owned by the insured, the fact must be disclosed. The rule is asserted in *Ben Franklin Ins. Co. v. Weary,* 4 Ill. App. 74; *Security Ins. Co. v. Mette,* 27 Ill. App. 324; *Ill. Mutual Ins. Co. v. Same,* Id. 330; *McKinnon v. Mutual Guaranty Fire*

*Ins. Co.,* 89 Ia. 170, 56 N. W. 423; *Dowd v. American Fire Ins. Co.,* 41 Hun. (N. Y.) 139; *Matthie v. Globe Fire Ins. Co.,* 74 N. Y. Supp. 177, 68 App. Div. 239; *East Texas Fire Ins. Co. v. Brown,* 82 Tex. 631, 18 S. W. 713; *Mutual Assurance Co. v. Mahon,* 2 Bennett, Fire Ins. Cas. 672, 5 Call (Va.) 517. Where in a contract for the sale of land, there are conditions annexed to the equitable estate, the non-performance of which would forfeit or foreclose the vendee's right to obtain the legal title, said vendee in such contract of sale is not the sole and unconditional owner of the lands and is not the owner in fee simple of the lands, within the meaning of the conditions of a policy of insurance which provides that said policy shall be void if the insured is not the sole and unconditional owner, or if the ground on which the building is located is not owned in fee simple.—*Liberty Insurance Co. v. Bolden,* 96 Ala. 508; *Loventhal v. Home Ins. Co.,* 112 Ala. 108; *Brown v. Conn. Fire Ins. Co.,* 86 Ala. 189; *Conn. Fire Ins. Co. v. Allen,* 80 Ala. 571; *Wooliver v. Boylston Ins. Co.,* 104 Mich. 132; *Marshall v. Columbian Mut. Fire Ins. Co.,* 27 N. H. 157; *Columbia Ins. Co. v. Lawrence,* 2 Pet. 25; 7 L. Ed. 335, C. C. 10 Pet. 507; 9 L. Ed. 504; *Hinnon v. Hartford Fire Ins. Co.,* 36 Wis. 139; *Brown v. Williams,* 28 Mr. 252; *Cole v. Niagara Fire Ins. Co., of N. Y.,* 126 Mo. App. 134; 103 S. W. 569; *Ins. Co. of North America v. Erickson,* 39 So. Rep. 495; *Phoenix Ins. Co. v. Kerr,* 129 Fed. Rep. 723; 64 C. C. A. 251; 66 L. R. A. 569; *Prussian Nat. Ins. Co. v. Empire Catering Co.,* 113 Ill. App. 67; *Hough v. City Ins. Co.,* 29 Conn. 10; 76 Am. Dec. 581; 2 Cooley's Brief on Ins., pp. 1354-55.

J. M. CHILTON, for appellee. There is no difference between the construction of a penalty arising by contract and one imposed by statute.—10 Enc. P. & P. 278;

5 Ala. 357; *Wood v. Farnell*, 50 Ala. 546. The defendant is attempting to avail himself of a technical forfeiture and must negative the existence of every fact, which by the terms of the conditions would feed it.—19 Cyc. 926, and authorities cited in note 7. Forfeitures are not favored in law.—*U. S. Co. v. Lesser*, 126 Ala. 568; *Queen I. Co. v. Young*, 86 Ala. 424. Where the appellee was entitled to the general charge the appellant cannot complain of injury.—*L. & N. v. Johnson*, 128 Ala. 634; *Hill v. McBride*, 126 Ala. 542. The admissions or exclusion of evidence is also without injury under such circumstances.—*Cash v. So. Ex. Co.*, 133 Ala. 272. The company was informed of the state of the title.—*Harris v. Nathans*, 79 Tex. 409. If the insured makes truthful and fair statements as to his interest in the property to the insured, and the agents write answers incorrectly the insurance company could not avoid the policy.—*Pope v. Glenn Falls Co.*, 130 Ala. 359; *Syndicate Co. v. Catchings*, 104 Ala. 176; *Brown v. Commercial Co.*, 86 Ala. 189; *Phoenix Co. v. Copeland*, 86 Ala. 551; *Commercial Co. v. Capitol Co.*, 81 Ala. 220. Ryals had title to the property.—*Loventhal v. Home I. Co.*, 112 Ala. 108. See also in this connection 127 Mass. 383; 35 Mich. 481; 40 Mo. 13; 43 N. J. L. 300; 122 Mass. 191; 95 Ala. 77; 48 Pac. 699; 30 Am. Dec. 90; 77 N. W. 529; 10 N. Y. 412; 42 Ga. 587; 14 Atl. 8; 53 Mr. 276. Such, at least, is the doctrine asserted in *Capitol City Ins. Co. v. Caldwell*, 95 Ala. 77, 10 South. 355, and *Swift v. Vermont Mutual Fire Ins. Co.*, 18 Vt. 305; and it is apparently approved in *Phoenix Ins. Co. v. Bowdre*, 67 Miss. 620, 7 South. 596, 18 Am. St. Rep. 326. *Same —Vendee under contract of purchase.*—In accordance with the principles just discussed, it has been asserted as a well established rule that a vendee in possession under an executory contract for the purchase of prop-

erty may be described as an absolute owner, or an owner in fee. This principle is asserted in *Rumsey v. Phoenix Ins. Co.* (C. C.) 1 Fed. 396; *Loventhal v. Home Ins. Co.*, 112 Ala. 108, 20 South. 419, 33 L. R. A. 258; 57 Am. St. Rep. 17; *Hough v. City Fire Ins. Co.*, 29 Conn. 10, 76 Am. Dec. 581; *Bonham v. Iowa Cent. Ins. Co.*, 25 Iowa 328; *Home Ins. Co. v. Patterson*, 12 Ky. Law Rep. 941; *Lowell v. Middlesex Mut. Fire Ins. Co.*, 8 Cush. (Mass.) 127; *Wainer v. Millford Fire Ins. Co.*, 153 Mass. 335, 26 N. E. 877, 11 L. R. A. 508; *Franklin Fire Ins. Co. v. Martin*, 40 N. J. Law, 568, 29 Am. Rep. 271; *Martin v. Jersey City Ins. Co.*, 41 N. J. Law 273; *Chase v. Hamilton Mut. Ins. Co.*, 22 Barb. (N. Y.) 527; *Dohn v. Farmers' Joint Stock Insurance Co.*, 5 Lands. (N. Y.) 279; *Aetna Fire Ins. Co. v. Tyler*, 16 Wend. (N. Y.) 385, 30 Am. Dec. 90, affirming 12 Wend. 507; *Bicknell v. Lancaster City & County Fire Ins. Co.*, 58 (N. Y.) 677; *Baker v. State Ins. Co.*, 31 Or. 41, 48 Pac. 699, 65 Am. St. Rep. 807; *Pennsylvania Fire Ins. Co. v. Dougherty*, 102 Pa. 658; *Imperial Fire Ins. Co. v. Dunham*, 117 Pa. 460, 12 Atl. 668, 2 Am. St. Rep. 686; *Elliott v. Ashland Mut. Fire Ins. Co.*, 117 Pa. 548, 12 Atl. 676, 2 Am. St. Rep. 703; *East Texas Ins. Co. v. Dyches*, 56 Tex. 565; *Queen Ins. Co. v. May*, 35 S. W. 829; *Underwriters Fire Association v. Palmer*, 74 S. W. 603; *Dooly v. Hanover Fire Ins. Co.*, 47 Pac. 507, 16 Wash. 155, 58 Am. St. Rep. 26. *Equitable Title—Vendee under contract of purchase.*—If insured has an equitable title, it is a sufficient compliance with the condition of an insurance policy requiring sole and unconditional ownership in the insured. Equitable ownership was held sufficient in *Miller v. Alliance Ins. Co.*, (C. C.) 7 Fed. 649; *Mallery v. Frye*, 21 App. D. C. 105; *Tuck v. Hartford Ins. Co.*, 56 N. H. 326; *Hanover Fire Ins. Co. v. Shrader*, 11 Tex. Civ. App. 255, 31 S.W. 1100; *Johannes*

[Commercial Union Assurance Co. v. Ryalls.]

*v. Standard Fire Office,* 70 Wis. 196, 35 N. W. 298, 5 Am. St. Rep. 159. Accordingly a vendee in possession of property under a valid contract of purchase, and entitled to specific performance, is the sole and unconditional owner. Such is the doctrine of *Ramsey v. Phoenix Ins. Co.,* (C. C.) 2 Fed. 429; *Rumsey v. Phoenix Ins. Co.,* (C. C.) 1 Fed. 396; *Lewis v. New England Fire Ins. Co.,* (C. C.) 29 Fed. 496; *Loventhal v. Home Ins. Co.,* 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17; *Knop v. National Fire Ins. Co.,* 101 Mich. 359, 59 N. W. 653; *Martin v. State Ins. Co.,* 44 N. J. Law 485, 43 Am. Rep. 397; *Baker v. State Ins Co.,* 48 Pac. 699, 31 Or. 41, 65 Am. St. Rep. 807; *Queen Ins. Co. v. May.,* 82 S. W. 826; *Matthews v. Capitol Fire Ins. Co.,* 91 N. W. 675, 115 Wis. 272. This doctrine is by a large majority of the cases held to apply even if the vendee has not fully performed his part of the contract and a portion of the purchase money is still unpaid. This is supported by *Williams v. Buffalo German Ins. Co.,* (C. C.) 17 Fed. 63; *Pennsylvania Fire Ins. Co. v. Hughes,* 108 Fed. 497, 47 C. C. A. 459; *Phoenix Ins. Co. v. Kerr,* 129 Fed. 823, 64 C. C. A. 251, 66 L. R. A. 569; *Boulden v. Phoenix Ins. Co.,* 112 Ala. 422, 22 South. 587; *McClelland v. Greenwich Ins. Co.,* 107 La. 124, 31 South. 691; *Dupreau v. Hibernia Ins. Co.,* 76 Mich. 615, 43 N. W. 585, 5 L. R. A. 671; *Pelton v. Westchester Fire Ins. Co.,* 13 Hun. (N. Y.) 23, affirmed 77 N. Y. 605; *Millville Mut. Fire Ins. Co. Case,* 88 Pa. 107; *Chandler v. Commerce Fire Ins. Co.,* 88 Pa. 223; *Franklin Fire Ins. Co. v. Crockett,* 7 Lea (Tenn.) 725; *Liverpool & London & Globe Ins. Co. v. Ricker,* 10 Tex. Civ. App. 264, 31 S. W. 248; *Johannes v. Standard Fire Office,* 70 Wis. 196, 35 N. W. 298, 5 Am. St. Rep. 159; *Davis v. Pioneer Furniture Co.,* 102 Wis. 394, 78 N. W. 596. In *Imperial Fire Ins. Co. v. Dunham,* 117 Pa.

475, 12 Atl. 688, 2 Am. St. Rep. 686, it was held sufficient even though no part of the purchase price had been paid. But a contrary view was taken in the early case of *Brown v. Commercial Fire Ins. Co.*, 86 Ala. 189, 5 South. 500, and part payment was held insufficient in the early cases of *Lasher v. Northwestern Nat. Ins. Co.*, 55 How. Prac. (N. Y.) 324, and *Liberty Ins. Co. v. Boulden*, 96 Ala. 508, 11 South. 771, and in the latter cases of *Hubbard v. North British Ins. Co.*, 57 Mo. App. 1, and *Harness v. National Fire Ins. Co.*, 62 Mo. App. 245. In *Vankirk v. Citizens' Ins. Co.*, 79 Wis. 627, 48 N. W. 789, the condition was regarded as violated if the insured was in default. But this was considered doubtful in *Carey v. Allemania Fire Ins. Co. of Pittsburg*, 171 Pa. 204, 33 Atl. 185, at least where no forfeiture had been declared." The vendor waived erection of buildings as a condition precedent.—*Acker v. Bender*, 33 Ala. 230; *Lowery v. Peterson*, 75 Ala. 109; *Phoenix I. Co. v. Copeland, supra; Crawford v. Spragins*, 109 Ala. 353; *Fulenwider v. Rowan*, 136 Ala. 287. The vendor violated the contract, and the conditions had been waived long prior to the insurance, and once waived cannot be now insisted upon.—*Bradshaw v. Gunter*, 135 Ala. 240.

MAYFIELD, J.—The majority of the court are of the opinion that the contract as to the purchase of the land in question is within the protection of the rule announced in the case of *Loventhal v. Insurance Co.*, 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17, that the plaintiff had an insurable interest in the property, and that there was no breach of warranty as to the insured's interest in the property, as set up by the insurance company in its pleas.

The majority are of the further opinion that under all the evidence and the issues of this case the plaintiff was entitled to the general affirmative charge as for the amount recovered. They find no reversible errors in the record; that, if errors there were, they were without injury to the defendant, the plaintiff being entitled to the general affirmative charge as for the damages recovered.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, and MC-CLELLAN, JJ., concur. MAYFIELD and EVANS, JJ., dissent.

MAYFIELD, J. (dissenting).—Appellee and one Parker agreed and contracted to purchase certain lands or lots near the city of Montgomery, Ala., from one A. J. Smith, Jr. The agreement, as I understand it, was not a contract of purchase and sale, but was only an agreement to purchase and sell at a future date upon certain conditions specified in the agreement. Parts of the agreement which show this are as follows:

"This contract entered into between A. J. Smith, Jr., party of the first part, and J. Ryals and J. H. Parker, parties of the second part, witnesseth:

"That the party of the first part has this day agreed to sell to the parties of the second part the following described lands in Montgomery county, Ala., to wit, the N. W. ¼ of section 15, township 17, range 18, containing one hundred and sixty (160) acres, conditionally, and upon the following terms—that is to say, if the parties of the second part completely erect and build upon said lands by the 1st of January, 1907, a four-room house, of good, sound lumber, the two front rooms and hall of which shall be ceiled, and by the 1st day of Feb-

ruary, 1907, shall completely erect, out of good, sound, rough lumber, two tenant houses, sixteen by sixteen, with a shedroom in the rear, the party of the first part will convey on the 1st day of February, 1907, by warranty deed, to the parties of the second part, the above-described lands, at and for the purchase price of forty-seven hundred and fifty dollars ($4,750.00), payable in four annual payments, on the first days of December, thereafter, evidenced by notes, each note bearing interest from its date at the rate of 7 per centum per annum, secured by a mortgage on the property, with the usual terms, conditions and covenants therein, including a covenant not to remove from the lands any wood or timber, except such timbers as is necessary for the keeping of the lands and making the necessary improvements thereon. * * *

"In the event the parties of the second part shall not have completed the four-room house by the 1st day of January, 1907, and paid off and discharged any and all liens or incumbrances thereon, this contract shall immediately terminate and become void, and the party of the first part shall have the right to immediately take possession of the above-described lands, and any and all improvements that in the meantime shall have been placed thereon by the parties of the second part shall be forfeited to and become the property of the party of the first part, and if, on the 1st day of February, 1907, the two tenant houses shall not have been erected and completed, and all the liens thereon discharged, the party of the first part shall have the right to immdiately terminate this contract, and take possession of the lands above described, and all of the improvements that may have been placed on said property by the parties of the second part shall be forfeited to and become the property of the party of the first part."

Appellee, Ryals, subsequently purchased Parker's interest in the contract, and undertook to perform his part of the contract, and obtained a fire insurance policy from appellant insurance company upon one of the buildings to be constructed for $1,000. The construction of the building had just been commenced when the contract of insurance was obtained. The building thus insured was burned before it was completed, and the insurance company declined to pay the loss, because of breaches of the conditions of the policy of insurance. The breaches mainly relied upon were concealments or misrepresentations by the insured of material facts and circumstances concerning the insurance or the subject-matter thereof, in that the interest of the insured in the property was not truly stated in his application for the insurance; that in the application for insurance he had falsely represented that he was the absolute owner of the property upon which the house was to be constructed.

The complaint contained five counts. Count 1 is in Code form, on a fire insurance policy; 2 is on a contract to deliver the policy; the third, on a verbal contract of insurance; the fourth is to recover the statutory penalty of 25 per cent. on account of being a member of the Tariff Association. The fifth count, like the first, is in Code form, but adds that the building was only in process of construction.

The proof showing that the policy was in writing, and delivered, and, there being no question raised as to penalty, only counts 1 and 5 need be considered.

The defendant pleaded the general issue and several special pleas. Pleas 1 and 2 were the general issue in different forms. Pleas 3 and 4 were special pleas, and set up the defense of concealment and misrepresentation of material facts or circumstances concerning the

insurance heretofore pointed out. Plea 5 relied upon the breach of the conditions of the contract of insurance that, if the interest of the insured "be other than the unconditional and sole ownership" of the property insured, the policy shall be void. The sixth plea relied upon a breach of the condition that the policy should be void "if the subject of the insurance be a building on ground not owned by the insured in fee simple"— the breach being assigned in the language of the condition.

There were demurrers interposed to each of the pleas numbered 3, 4, 5, and 6, which were overruled in so far as they were pleaded to counts 1, 4, and 5. The plaintiff then filed eight replications to the pleas.

The first replication was the joinder of issues on said pleas.

The fifth and sixth replications sought to set up the fact that before entering into the contract of insurance the defendant was informed of the true state of the plaintiff's title.

In the third replication, the plaintiff alleged that at the time of entering into said contract of insurance he and one Parker (whose interest plaintiff had acquired before the issuance of the policy sued on) had contracted in writing to purchase certain property from one A. J. Smith, Jr., and there was attached to said replication a copy of said contract; and it was then averred that said building had not been completed at the time of the issuance of the policy, and that the agent of the defendant agreed to insure it while in the course of construction and to charge the premium therefor to the Wadsworth Retail Lumber Company; that after the contract of insurance was made and said premium was so charged to said Wadsworth Retail Lumber Company, there were additions of large value to the build-

ing; that said insurance was issued on a building to be thereafter finished and not on a complete building, and was of the character of insurance known as "Builders' Risk," a copy of which is attached as an exhibit to said replication.

In the seventh replication, the plaintiff alleged the making of the contract as referred to in the third replication; and that the provisions contained in said policy that "if the interest of the insured was other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple," were qualified by a preceding provision in the policy which declared that "unless otherwise provided by agreement indorsed hereon, or added hereto," said policy should be void on said conditions. It was then averred in said replication that the description of the property insured set out in the policy was printed on a separate slip of paper, which was separately signed by the agent of the defendant and attached to or inserted in said policy; said insurance was on a building in process of construction; and the conditions set forth in said pleas as contained in the policy do not and were not intended by said policy to apply to said insurance so taken out on said building in process of erection.

There were separate demurrers filed by the defendant to the third and seventh replications. These demurrers were overruled by the court, and each of these rulings of the court is assigned as error.

The defendant filed 10 rejoinders. The first and second rejoinders took issue upon the replications. The other rejoinders were special, and sought to set up the forfeiture of the contract sued on by the plaintiff prior to the time of making the application and prior to the time of the issuance of the policy sued on. The plain-

34—169

tiff demurred to these rejoinders, separately and severally, and the court sustained the plaintiff's demurrers to the rejoinders Nos. 3, 4, 5, and 6, and overruled the demurrers to the other rejoinders.

The plaintiff filed eight surrejoinders to the seventh and eighth rejoinders. To each of the eight surrejoinders, the defendant demurred. The court sustained the defendant's demurrer to the eighth surrejoinder, but overruled each of the defendant's demurrers to each of the remaining surrejoinders.

To the surrejoinders Nos. 1 to 7, the defendant filed five rebutters. The first rebutter was the joinder of issue. The remaining four rebutters were special. The second rebutter set up the fact that under and by virtue of the contract which the plaintiff had with A. J. Smith, Jr., at the time of the destruction by fire of said house which was covered by said policy of insurance, all of the plaintiff's right, title, claim, and interest in and to the land upon which the house was being built had terminated and the plaintiff had no right, title, claim, or interest in said land at such time.

The third rebutter set up the fact that at the time of the destruction of the house by fire the plaintiff was not the sole and unconditional owner thereof.

The fourth rebutter set up the fact that at the time of the destruction of the house by fire the plaintiff was not the owner in fee simple of the land upon which the house was being built.

The fifth rebutter set up the fact that at the time of the destruction by fire of the house insured the plaintiff was not the owner of said house.

The defendant then filed a special rebutter to the seventh rejoinder. The plaintiff filed demurrers to each of the special rebutters, separately and severally. The court sustained the several demurrers of the plaintiff to

each of the special rebutters, and each of such rulings of the court is separately assigned as error. Issue was finally joined, and the trial proceeded upon the issues thus presented.

On the trial of the case the plaintiff introduced in evidence the policy of insurance sued on. The policy of insurance was in the standard form, and insured a building in process of erection. In this policy there are contained the following stipulations: "This entire policy shall be void, if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstances concerning this insurance, or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject thereof, whether before or after a loss."

The policy also contained the following provisions: "This entire policy, unless otherwise provided by agreement indorsed hereon or added thereto, shall be void * * * if the interest of the insured be other than unconditional or sole ownership; or if the subject of the insurance be a building on ground not owned by the insured in fee simple."

It was upon these provisions that the special pleas and subsequent pleadings were based. The trial being had upon these issues, the court, at the request of plaintiff, gave the general affirmative charge in his favor, resulting in a verdict and judgment for plaintiff. From this judgment defendant appeals, assigning various errors.

We deem it unnecessary to treat all of these numerous assignments of error, or to follow all the various issues shown by this record, through the mystic mazes of special and double pleadings, which are allowable, if

not necessitated, in certain cases like this, under our dual system of pleadings. This case, being well tried as it was, certainly serves as an object lesson to show the evils of our system of duplicity in all pleadings. There is scarcely any limit to the number of issues upon which a given case may be tried, under such a system. If a special and true verdict should be returned upon each issue, probably no judgment could be rendered. We will, therefore, decide only those questions of law which are raised, and which we deem necessary to determine the rights of the parties as to this litigation, and upon which most of the rulings of the lower court depend.

The most important question of law involved in this case is, Does the plaintiff's contract or agreement to purchase, in this case, make him "the unconditional and sole owner of the property," within the meaning of the policy of insurance? It is insisted by plaintiff that he was, and by the insurance company that he was not, and, consequently, that there was a forfeiture of the policy on account of a breach of this condition thereof. Both parties rely upon a former decision of this court, viz., *Loventhal v. Ins. Co.,* 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17, as supporting their respective contentions. This case reviewed, and quoted at length from, many other authorities, and decided that a vendee of land in possession, exercising acts of ownership under an executory contract of purchase, and holding the bond of the vendor to make title upon full payment of the purchase money, a portion of which remains unpaid, is the unconditional and sole owner of the land in fee within the meaning of these words as used in a contract of fire insurance. Following this and many other cases, the Supreme Court of Florida, in the case of *Insurance Co. v. Erickson,* 50 Fla. 419, 39 South.

495, 2 L. R. A. (N. S.) 512, 111 Am. St. Rep. 121, held
that a vendor who had sold and contracted, and given
bond to convey, property upon payment of the purchase
price which was fixed and certain, the grantee having
obligated himself to pay such purchase price at speci-
fied times, was not the sole and unconditional owner of
the property contracted to be sold, within the meaning
of a contract of insurance, but that the vendee was such
owner. It follows, of course, that both the vendor and
the vendee cannot, at one and the same time, be such
sole and unconditional owner; so, in the instant case,
if the plaintiff, the alleged vendee under the agreement,
was such owner, then his vendor, Smith, was not.

The reason assigned for the rule in *Loventhal's Case,*
was as follows: "* * * That Mrs. Loventhal was the
unconditional and sole owner of the equitable title ad-
mits of no question. She was confessedly armed with
the right to go into a court of equity and obtain the ab-
solute, unconditional legal estate in the lands, upon
simply discharging the incumbrance created thereon
by the quasi mortgage for the purchase money. There
was no condition annexed to her equitable estate, the
nonperformance of which would forfeit or foreclose her
right thus to obtain the legal title. Such a forfeiture
could occur only by judicial proceedings, at the suit of
her vendor, decreeing the foreclosure of her equity; and
these proceedings, themselves, she could defeat, at any
time before decree, by paying the purchase money and
thereby removing the incumbrance. Such an estate is
not one upon condition, as conditional estates are com-
monly understood in the law."

This court, in the above case (page 116 of 112 Ala.,
page 421 of 20 South.), quoting from a Connecticut
case, said, that "absolute," as used in these conditions
of insurance policies, is synonymous with "vested," and

is used as contradistinguished from "contingent" or "conditional." Conditions in insurance policies, like these, limiting or avoiding liability, are strictly construed against the insurer, and liberally in favor of the insured (*Insurance Co. v. Young*, 86 Ala. 424, 5 South. 116, 11 Am. St. Rep. 51) ; yet, if they are inserted in the contract in good faith, and with knowledge of the parties to the contract, and as a part of the contract, and they are reasonable and not illegal or against public policy, they are valid and binding. I have no hesitancy in deciding that the alleged contract of purchase relied upon in the case at bar was not such a contract, sale of agreement as made the plaintiff (the alleged vendee) the "unconditional and sole" owner of the building insured, or the owner of the land upon which it was constructed, in "fee simple."

The agreement under consideration is clearly distinguishable from those construed in *Loventhal's Case*, 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17, and from any of the numerous cases quoted or cited in that case, or any other that we have examined which was construed in those cases. The agreement or contract under consideration was nothing more nor less than an option to purchase. It was not a purchase or sale or evidence thereof; it was only evidence of an option to purchase, at a future date, upon the conditions therein specified. These conditions had not been performed at the time of the making of the contract of insurance, nor were they fully so at the time of the loss. Under this contract at no time could plaintiff have maintained a bill for specific performance or other appropriate relief under the contract in a court of equity, and of course he had no legal title. He had neither legal nor equitable title. Of course a perfect "title" to the land, legal or equitable, is not always necessary; yet

the facts averred in the replications. The application referred to in the replication, as describing the building as being one in process of construction, does not in the least qualify the conditions set up in the pleas.

While it is not usual for insurance policies known as "builders' risks" to contain such provisions or warranties as are set up in some of the special pleas, and we can see no necessity for them in such policies, yet there is no law against such provisions in such policies, and if the parties agree to them, and they are inserted as a part of the contract, of course they are binding.

Thus far we have been considering these conditions and warranties as they appear on the face of the policy and as they are alleged in the pleas and replications. As we have often decided, such conditions, warranties, and forfeitures as these are not favorites of the law. They are often, if not usually, inserted in policies of insurance by the insurer or its agents, and often without the knowledge or consent of the insured; and sometimes they contradict the statements made by the insured to the agent of the company. The provisions being usually printed as parts of the blank policies used by the company, it is therefore probable that the policy might be filled out by the agent and delivered to the insured, without either observing the conditions, though all the facts of the risk, as well as the condition of the title, were fully and truly stated to the agent by the insured, and though they were different from the printed recitals in the blanks. But, of course, all parties to contracts, who are sui juris, are presumed to know the provisions of the contract executed by them, and, if it is in writing, to have read or heard them read.

This court, in other cases, in speaking of these provisions in fire insurance policies, and of the sufficiency of replications to pleas setting up such, has said: "The proposition has been frequently announced by this

court that when the insured in contracting for insurance fully informs an authorized agent of the insurer of the true state of his title to or interest in the property upon which insurance is desired, and with such knowledge the policy is issued, the insurer cannot refuse payment, in case of loss, because of some provision in the policy requiring a different title or interest than that truly disclosed to such agent."—*Pope v. Glens Falls Ins. Co.,* 130 Ala. 359, 30 South. 497. "If the assured fully and truly discloses his interest and ownership to an agent of the defendant, authorized to take applications for insurance, deliver policies, and receive premiums, the company will not be permitted to take advantage of an oversight or wrongful act of its own agent to avoid the policy."—*Brown v. Com. F. Ins. Co.,* 86 Ala. 189, 5 South. 500; *Williamson v. N. O. Ins. Co,.* 84 Ala. 106, 4 South. 36; *Phoenix Ins. Co. v. Copeland,* 86 Ala. 551, 6 South. 143, 4 L. R. A.

The replications which sufficiently set up these facts were therefore sufficient; and, if proven, the plaintiff would be entitled to verdict and judgment, notwithstanding the conditions in the policy and the fact that plaintiff was not the unconditional and sole owner, provided he had an insurable interest in the property, which was truly and fully stated to the insurance agent who had authority to bind, and acted for, the company in the matter.

Whether the insured in this case fully and truly represented all the necessary circumstances to the insurance agent who negotiated the risk, and whether the person to whom he made the statements as to his rights or ownership in and to the premises and property insured had authority to bind the insurer, were disputed questions of fact under the issues and the evidence; and the trial court erred in taking these questions from the jury, by giving the affirmative charge for plaintiff as requested.

plaintiff had no "interest" or "ownership" as distinguished from title which was "sole" and "unconditional" or in "fee simple." While he was in possession he was not in possession as the owner or purchaser. He was there for the purpose only of making good the consideration for the option to purchase. The house which he was building was not his unless he made good the consideration for, and then exercised his option to purchase. He could have failed or refused to perform, in which event he would have had no claim to the house or land. He would simply have lost his labor and material, and maybe have been liable as for a breach of his contract, agreement, or option to purchase. He may have had an insurable interest in the house, in the nature of a "builder's risk," but he had no such interest in the building, as "sole and unconditional" ownership, or ownership in the land in "fee simple."

I have, of course, been treating these conditions as they were alleged in the pleas, and not as they were alleged in the replications; that is, as if they had no qualifications or limitations "otherwise provided by agreement indorsed or added to the policy," etc., and no waiver by the parties to the contract of such conditions. These exceptions or limitations (or some, at least) were set up by sufficient and appropriate replications, and if proven, of course would avoid the pleas. It is true that the clause of the policy containing the conditions set up in the pleas, and heretofore considered, began as follows: "This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void if" the insured does or does not certain things, or has or has not certain rights, title, ownership, etc., in the property, including those set up in the pleas. If it was otherwise provided, this was properly set up by a replication—the pleas need not negative such provis-

ions. Nor did the pleas affirmatively show that the policy contained such provisions, nor that the specified conditions relied upon in the pleas had such qualifications or limitations. It was the office of a replication to set up such if they existed.

Some of the replications to these special pleas were wholly insufficient. They were not proper answers. They neither denied nor confessed and avoided any one of the pleas to which they were addressed. Notable among these are replications 3 and 7. The facts set up in these replications, if true, were no answer to any one of the pleas. The facts averred did not show that the conditions of the policy set up in the pleas were avoided, because it was "otherwise provided by agreement indorsed hereon or added hereto," as provided in the policy and as a part of such conditions, and of course any contract that the insured had with a lumber company, as to furnishing the lumber with which to build the house, and its agreement to pay the insurance premiums, was no answer, unless it was a part of the contract and the insurance company was a party to it or was bound by it; and there was nothing to show that it was so bound. Nor was it any answer thereto that the insurance was a "builder's risk." That was no excuse or justification for the insured's warranting, as he did, that his interest in the property was unconditional and sole ownership, or that he owned the land in fee simple.

Nor was the seventh replication any answer to any of the special pleas. It merely sets out the contract or option to purchase the land, and the application for insurance upon "a building in process of construction" upon the land, and then follows the conclusion of the pleader that the conditions of the policy set up in the pleas were not intended to apply to the insurance taken out upon the "building in process of construction." This conclusion is gratuitous, in that it is not supported by