(90 South. 294)

# AMERICAN CENT. LIFE INS. CO. v. FIRST NAT. BANK OF ENTERPRISE.
(4 Div. 911.)

(Supreme Court of Alabama. Oct. 27, 1921.)

Insurance &#8780;380—Life policy avoided where insured and agent both knew that application contained misrepresentations.

Where applicant for life insurance has relied upon the agent to inform the insurer of what has been truthfully told him about the character of the risk, his rights will be protected, but insurer is not bound by statements contained in an application, when not only the agent but the insured knows they are untrue and are calculated to deceive and that the application is to be forwarded to the insurer.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Suit by the First National Bank of Enterprise against the American Central Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Woolen, Cox & Welliver, of Indianapolis, Ind., and Riley & Stokes and H. L. Martin, all of Ozark, for appellant.

The court erred in overruling demurrers to plaintiff's replication, and in sustaining demurrers to the rejoinders thereto, since the entire contract was the policy in the application therefor. 171 Ala. 438, 55 South. 166; 10 Ala. App. 446, 65 South. 449. The company was not bound by any knowledge the agent might have had that was not contained in the application. 123 Ala. 669, 26 South. 655. The defendant was entitled to a directed verdict. 167 Ala. 275, 52 South. 648; 121 Ala. 145, 26 South. 19, 77 Am. St. Rep. 34; 180 Ala. 627, 61 South. 944; 77 Ala. 214; 27 Cal. App. 734, 151 Pac. 159; 197 Ala. 584, 73 South. 117; 97 Va. 167, 33 S. E. 539; 14 Ala. App. 400, 69 South. 989; 231 U. S. 543, 34 Sup. Ct. 186, 58 L. Ed. 356; 80 Tex. 518, 16 S. W. 316.

Sollie & Sollie, of Ozark, for appellee.

Brief of counsel did not reach the Reporter.

---

SAYRE, J. We state the pleadings and rulings in this cause summarily, but sufficiently to disclose the fundamental error underlying the judgment rendered in the trial court: Plaintiff (appellee) sued on a policy of insurance issued by defendant (appellant) on the life of R. L. Towles, now deceased, and assigned to plaintiff by the beneficiary, the wife of assured. Defendant pleaded that insured, in his application for the policy, had falsely, and with actual intent to deceive, represented that he did not use, and never used, spirits, wines, or malt liquors, in any quantity. For replication to pleas setting up these facts plaintiff replied in substance, that assured had disclosed to defendant's agent, while acting for defendant within the scope and purview of his authority the matters and things alleged in the pleas, that by reason of such disclosure defendant had knowledge of said matters and things so communicated to its agent, and by accepting assured's application with such knowledge had waived and was estopped to set up said matters and things in avoidance of the policy sued on. The trial court overruled a demurrer to this replication, and that ruling is now assigned for error. Substantially the same question was raised in other ways. Speaking generally, there is no doubt of the proposition that, when, in the course of his employment, an agent acquires knowledge or receives notice of any fact material to the business he is employed to transact, his principal is deemed to have notice of such fact. As said by the Supreme Court of Michigan in Ketcham v. Am. Mut. Acc. Ass'n, 117 Mich. 521, 76 N. W. 5:

"The courts have always been anxious to take care of the rights of the assured when the applicant has relied upon the agent informing the company of what has been truthfully told to him about the character of the risk; but the courts never have said the company is bound by statements contained in an application, when not only the agent, but the assured, knows they are untrue and calculated to deceive, and the application is to be forwarded to the company as the basis of its action."

In the editorial note to Mudge v. Supreme Court I. O. F., 14 L. R. A. (N. S.) 280 (149 Mich. 467, 112 N. W. 1130, 119 Am. St. Rep. 686), it is said that—

"The courts are almost unanimous in holding that an insurance company will not be estopped, merely by the knowledge of its agents who negotiated the policy, to set up the falsity of answers in the application, if the insured was himself a party to the deception. * * * To so hold would put these organizations completely at the mercy of dishonest and unscrupulous agents."

Many cases are cited in support of the text, among the rest Triple Link Mut. Indemnity Ass'n v. Williams, 121 Ala. 138, 26 South. 19, 77 Am. St. Rep. 34. In the case last mentioned, this court, in a case where, as here, the company's knowledge or notice was constructive merely, i. e., imputed to it, if at all, by reason only of the agent's knowledge, speaking through McClellan, C. J., said:

"McCluskey," the agent, "in forwarding it," the application which contained a false statement, "was either acting in collusion with Williams," the insured, "to defraud the company—and all authorities concur that that is ground for avoiding the policy—or, at the very least, he was induced in some way by Williams to get that false statement before the company, either for that the fact of its being made caused him to doubt his knowledge or the correctness of his previous information on the subject, or otherwise, and in any event it would not have come to the company, they would not have acted upon it, they would not have been misled by it had Williams not made the false statement."

As we have already stated, in the present case the allegation is of actual fraud on the part of the assured, and in this fact we find a just and well-established differentiation from those cases in which it has been held that an insurance company will not be permitted to take advantage of an oversight or wrongful act of its own agent, unaffected by fraud, to avoid its policy. Union Central Life Ins. Co. v. Robinson, 148 Fed. 358, 78 C. C. A. 268, 8 L. R. A. (N. S.) 883; Mudge v. Supreme Court I. O. F., supra; People's Fire Ins. Ass'n v. Goyne, 79 Ark. 315, 96 S. W. 365, 16 L. R. A. (N. S.) 1180, 9 Ann. Cas. 373.

It results that the judgment must be reversed, and the cause remanded for a new trial in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.