142 So. 392

### FIRST NAT. LIFE INS. CO. OF AMERICA v. RECTOR.

### 7 Div. 119.

Supreme Court of Alabama.
June 2, 1932.

Inzer, Inzer & Davis, of Gadsden, for appellant.

McCord & McCord, of Gadsden, for appellee.

**BOULDIN, J.**

The action is to recover the death benefit, $350, claimed under a policy of life insurance, known and styled by the appellant, insurance company, as an "Ordinary Life Special Service Policy," issued without medical examination, and upon written application made part of the contract.

The sole question here presented is whether defendant was due the affirmative charge.

This contention is based on two grounds, the first of which is fraud or breach of warranty.

The policy stipulated that all statements in the application were material inducements for its issuance, and, in the event of falsity, the policy should be a nullity; that none but named head officers of the company could modify the contract or bind the company by any promise or representation.

The plea was in short by consent.

In the application upon which the policy was issued, it was stated that the insured had not been disabled nor had medical or surgical treatment during the past five years. Without dispute, the insured had been treated two years prior thereto in a sanitarium for pulmonary tuberculosis. That such a misrepresentation related to a fact which would increase the risk of loss is not questioned.

Nor would the alleged knowledge of such fact by the local agent authorized to solicit insurance, take and forward applications, and collect premiums, be available as a waiver of such breach, in the face of a stipulation to the contrary in the policy. This rule applies also to a stipulation that the policy shall be ineffective unless the insured is in sound health when the policy is delivered. Bankers' Credit Life Ins. Co. v. Ayres, 223 Ala. 407, 137 So. 23; Life Insurance Co. of Virginia v. Newell, 223 Ala. 401, 137 So. 16; North Carolina Mutual Life Ins. Co. v. Kerley, 215 Ala. 100, 109 So. 755.

But another and different phase of evidence is presented.

The evidence for the plaintiff tended to show that Ever S. Rector, the insured, was not present when the application was taken by the local agent; that the application was made by her husband, the beneficiary, and plaintiff in this action. Without question, his misrepresentation or fraud in the procurement of the policy would vitiate the same as if made by the insured. Pacific Mutual Life Ins. Co. v. Hayes, 200 Ala. 246, 76 So. 12.

The testimony of plaintiff, however, and several witnesses is to the effect that neither he nor the insured ever signed any written application; that the local agent put to him the questions and he answered the same truly, telling the agent of the insured's treatment in the sanitarium; that any false statement was the work of the local agent and unknown to plaintiff; that the application was not completed nor signed because the ink in the agent's fountain pen gave out, and he was to complete it later.

The testimony of the agent was directly opposed to this evidence. He claimed the insured was present at the time and place mentioned by plaintiff's witnesses, and signed the application.

The rule obtains in this state that, if a fraud of this character is perpetrated by the agent of defendant, neither the insured nor beneficiary participating therein, such fraud cannot be set up in defense of the policy. American Cent. Life Ins. Co. v. First Nat. Bank of Enterprise, 206 Ala. 535, 90 So. 294; Williamson v. New Orleans Ins. Association, 84 Ala. 106, 4 So. 36; Alabama Gold Life Ins. Co. v. Garner, 77 Ala. 210.

The evidence presented a jury question on this issue.

It is further insisted that defendant was due the affirmative charge for that the undisputed evidence discloses the insured was not in sound health when the policy was delivered. The evidence on this line was that the insured was in the Etowah County Tuberculosis Sanitarium for about twenty days, being discharged March 28, 1928. The policy was issued February 17, 1930.

The superintendent of the sanitarium, a trained nurse who qualified as an expert on tuberculosis testified the insured was suffering at the time from pulmonary tuberculosis; that her general condition improved while there; that she was not cured, and in the

opinion of the witness she could not have recovered when the policy was issued, nearly two years later. Death ensued from pulmonary tuberculosis ten months after the policy was issued.

Plaintiff's evidence was to the effect that, after the visit to the sanitarium, the insured was in apparently sound health, about normal weight, did her usual work, at times working in the crop on the farm; that such was her state of health when the policy issued; that thereafter she gave birth to a baby, and her health gave way in the summer before she died.

■ The burden to prove unsound health when the policy issued was upon the insurer.

■ Without prolonged discussion, our conclusion is the evidence was not so clear, free from contradiction and adverse inferences as to put the trial court in error in refusing the affirmative charge with hypothesis.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.