153 So. 656

## LIFE & CASUALTY INS. CO. OF TENNESSEE v. WALDROP.

### 6 Div. 461.

Court of Appeals of Alabama.

Nov. 14, 1933.

Rehearing Denied Jan. 9, 1934.

Huey, Welch & Stone, of Bessemer, for appellant.

G. P. Benton, of Fairfield, for appellee.

**52**

**BRICKEN, Presiding Judge.**

The policy of life insurance upon which this suit is predicated was issued by the appellant company and delivered on March 28, 1932. The complaint was in Code form and contained one count in words and figures as follows: "The plaintiff claims of the defendant the sum of five hundred ($500.00) dollars, due on a policy, whereby the defendant, on the 28th day of March, 1932, insured the life of Fannie M. Farr, who died on the 4th day of June, 1932, of which defendant has had notice. Said policy is the property of the plaintiff."

The plaintiff, Paul P. Waldrop (appellee), was the stepfather of insured, Fannie M. Farr, a girl seventeen years of age. The policy in question is set out in full in the record.

In this case there appears to be no dispute as to the question of the premiums being paid; the record shows that the amount due as premiums were all paid prior to the death of assured, which occurred on June 4, 1932. Nor is there any question as to notice and proof of death having been furnished to defendant company.

The principal and controlling issue was raised by defendant's special pleas to the effect that the insured was not in sound health at the time she was insured. Issue was joined on said pleas, and appellant insists under the evidence adduced that it was entitled to a directed verdict, which was requested in writing and refused by the court.

Defendant introduced in evidence an application for life policy to which the name of insured, Fannie M. Farr, was signed; said purported signature was witnessed by A. H. Webb, the agent of defendant, who solicited the insurance in question, to which application an "agent's certificate" made by said Webb was attached wherein he certified: (1) That the application was signed in his presence at the time it was written. (2) That each question was put to and answered by insured. (3) That the insured was seen by him at the time her signature was made, and that she appeared to be a good risk in every respect and he recommended that the policy be issued. (5) That the character of the home surroundings of applicant was good. The foregoing certificate was dated and signed by the company's agent, A. H. Webb. In addition to the foregoing certificate, said agent, Webb, made the following certificate, to wit: "I have, this 17th day of —— 1932 personally seen and inspected at the address given on page 1, hereof, the Life proposed for insurance and am of the opinion that said Life is in good health and that said Life's constitution is sound. I find the pecuniary circumstances and hygienic surroundings satisfactory and the insurance applied for in good faith with the purpose of being continued. I therefore recommend said Life to be Excepted First class." A. H. Webb (signature of Inspector). In other words, it was in evidence that the company's agent who took the application certified to his company that the application was signed in his presence; that each question was answered as reported; that he was personally present and examined the insured; that the insured was of good sound health apparently; that the home surroundings were good; and that he personally inspected, at the given address, the life proposed for insurance. On redirect examination of plaintiff, Waldrop, he testified that said agent, Webb, himself filled out the application for the insurance. That he was present when Webb filled it out. That the insured, Fannie M. Farr, his stepdaughter, was not present and did not sign her name to it or any part of it —she did not sign it. He also testified: "I tell the jury that I did not sign it. There was a conversation there between me and Mr. Webb at the time this application was filled out, that is, he asked me a few questions." This witness also testified that, "on the 17th day of March, 1932, and also on the 28th day of March 1932, that the insured was in good sound health." The defendant offered the testimony of three witnesses, doctors, whose testimony tended to show the contrary.

We are of the opinion that the conflicting testimony above referred to and quoted made a jury question and rendered the court without authority to direct a verdict for defendant. The action of the court in declining to do so is sustained.

It was shown without dispute that A. H. Webb, above mentioned, was the duly authorized agent of defendant and had authority to solicit insurance, take and forward applications, and to collect premiums.

As stated by appellant in brief: "The defense is based on certain provisions of the policy and the misrepresentations made in the application for the policy."

In First National Life Ins. Co. of America v. Rector, 225 Ala. 116, 142 So. 392, a similar insistence was made. In that case the court said:

"The evidence for the plaintiff tended to show that Ever S. Rector, the insured, was not present when the application was taken by the local agent; that the application was made by her husband, the beneficiary, and plaintiff in this action. Without question, his misrepresentation or fraud in the procurement of the policy would vitiate the same as if made by the insured. Pacific Mutual Life Ins. Co. v. Hayes, 200 Ala. 246, 76 So. 12.

"The testimony of plaintiff, however, and several witnesses is to the effect that neither he nor the insured ever signed any written application; that the local agent put to him the questions and he answered the same truly, telling the agent of the insured's treatment in the sanitarium; that any false statement was the work of the local agent and unknown to plaintiff; that the application was not completed nor signed because the ink in the agent's fountain pen gave out, and he was to complete it later.

"The testimony of the agent was directly opposed to this evidence. He claimed the insured was present at the time and place mentioned by plaintiff's witnesses, and signed the application.

"The rule obtains in this state that, if a fraud of this character is perpetrated by the agent of defendant, neither the insured nor beneficiary participating therein, such fraud cannot be set up in defense of the policy. American Cent. Life Ins. Co. v. First Nat. Bank of Enterprise, 206 Ala. 535, 90 So. 294; Williamson v. New Orleans Ins. Association, 84 Ala. 106, 4 So. 36; Alabama Gold Life Ins. Co. v. Garner, 77 Ala. 210.

"The evidence presented a jury question on this issue."

In the closing argument of plaintiff's counsel he stated: "All right, I will ask you, gentlemen of the jury, has Mr. Webb come in here and said that he didn't sign this application." The court overruled defendant's objection, to which action an exception was reserved. We think the argument in this case was legitimate and not subject to the insistence of defendant. The defendant, as stated, introduced in evidence the application for the insurance to which, and as a part thereof, a certificate of the agent Webb was attached (all above quoted), and plaintiff had testified that the contents of the certificate of Webb, in evidence, was untrue. The argument, therefore, had reference to and was based upon matters in evidence, hence the objection was not well taken. Other objections and exceptions to argument were likewise unavailing to defendant, as the argument in question was based upon the evidence adduced upon the trial and inferences arising therefrom.

The exceptions reserved to certain portions of the court's oral charge are not insisted upon.

Having determined that this case was properly submitted to the jury, the following refused charges are not in point, to wit: 1, 2, 3, 23½, 24, 25, 26, 27, 28, 29, and 30. Refused charges 4 and 7 were fairly and substantially covered by the oral charge of the court. Charges 18 and 19 were properly refused. First National Life Ins. Co. of America v. Rector, supra.

We find no error in the action of the court in overruling defendant's motion for a new trial. The points of decision in connection therewith were properly disposed of upon the trial of this case.

The judgment from which this appeal was taken is affirmed.

Affirmed.