ALMON, Justice.
Swain brought suit against Cuna Mutual Insurance Society (CUNA) and Etowah *1333 Steelworkers Federal Credit Union (Credit Union), appellees. The complaint contained two counts for fraud and one count for breach of contract.
The dispute arose over a loan obtained by Swain from the Credit Union. The Credit Union had a policy of insurance with CUNA which provided that the company will pay the amount remaining unpaid at the time of permanent disability of a member (Swain) on any insurable loan balance.
After testimony was taken the trial judge granted a directed verdict for both defendants. We affirm as to the fraud counts and reverse as to the contract count.
Count One of the complaint states:
“About June 21, 1967 [sic] [1968] Defendant the Etowah Steelworkers Federal Credit Union (hereinafter referred to as Credit Union) and Plaintiff when negotiating concerning Plaintiff borrowing $4,000.00 from said Defendant Credit Union and on said occasion Defendant Credit Union while acting individually and as agent servant or employee and within the line and scope of its employment and authority with Defendant Cuna Mutual Insurance Society, a corporation (hereinafter referred to as Cuna) represented to Plaintiff that upon his executing a written promissory note with six (6) surety as guarantors signing with Plaintiff, that said indebtedness would be repaid said Defendant Credit Union in the event Plaintiff failed to pay same, that Defendants would cause an insurance policy to be issued on the life of Plaintiff so as that in the event of Plaintiffs death or in the event Plaintiff was so disabled about his body that he was caused to be retired at Republic Steel Corporation, a corporation at its plant at Gadsden, Alabama, that said insurance company would pay off the entire indebtedness owed under said promissory note.
“2. The representations made by Defendants were false and Defendants knew they were false at the time said representations were made.
“3. Plaintiff believed the representations and in reliance upon them executed said written promissory note and acquired said six (6) sureties or Guarantors to sign with Plaintiff on said written promissory note.”
On June 7, 1968, Swain injured his back while working for Republic Steel as a laborer. On June 21, 1968, appellant obtained a loan from the Credit Union in the amount of $4,000. Six guarantors signed with Swain as co-makers of the promissory note.
Due to his back injury, Swain has not worked at Republic Steel since June 7,1968. He was examined by a physician on June 14, 1968, and found to be disabled from June 7, 1968, to June 14, 1968, and for an unknown period of time thereafter. Swain received disability benefits from June 15, 1968, to June 13, 1969, under a plan furnished through Republic Steel. He was medically retired from Republic Steel effective July 1,1969, upon approval of the plant physician, Dr. Steven Rowe.
The co-makers on the note were required to pay the loan when Swain defaulted. The co-makers then brought an action against Swain and obtained a judgment. His automobile was sold under execution of the judgment in 1971.
In negotiating the loan Swain dealt with Orville Alford, the Credit Union manager. According to Swain, Alford told him that if he got killed or disabled at Republic Steel, his debt would be paid off by insurance. He also testified that subsequent to the loan he informed Alford of his disability and received papers of CUNA to file for a disability claim under the policy. Alford later told appellant that the insurance would not pay the debt because they didn’t know whether he was covered. No witness could confirm that either Credit Union or CUNA was ever furnished with a completed claim form in proof of Swain’s disability claim. On December 6,1971, Swain’s attorney wrote a letter to CUNA, with a copy to Credit Union, inquiring as to the reasons for CUNA’s disallowing Swain’s disability *1334 claim for coverage under the insurance policy. Swain filed suit on February 6, 1974.
Appellees contend the two fraud counts are barred by the statute of limitations of one year. The sequence of events relevant to this issue are as follows:
1. June 7, 1968 — Plaintiff’s last day of work at Republic Steel Corporation.
2. June 21, 1968 — Plaintiff’s loan transaction completed.
' 3. July 1, 1968 — Plaintiff hospitalized for surgery.
4. No later than April, 1969 (date of Orville Alford’s death) — Plaintiff is told by Alford that his claim was not approved..
5. Sometime prior to January 11,1971— Plaintiff’s co-makers pay off the loan and bring civil action against Plaintiff.
6. January 11, 1971 — Judgment entered against plaintiff in action by co-makers.
7. February, 1971 — Execution issued against plaintiff on aforesaid judgment.
8. Summer, 1971 — Plaintiff’s car attached by sheriff and sold under execution.
9. December 6, 1971 — Attorney Robert H. King, representing Swain, writes letter to CUNA, with copy to Credit Union, inquiring as to reason for “turning down” plaintiff’s disability claim.
10. February 6,1974 — Complaint filed in the instant action, based upon misrepresentation and deceit alleged to have occurred on or prior to date of plaintiff’s loan.
11. August 16-17, 1976 — Trial.
Thus, Swain knew as early as April, 1969, that his claim was not approved; also he was aware at that time of the alleged misrepresentations made by Alford.
It is extremely difficult to see how the statute of limitations has not run. Swain in brief “freely admits he had no evidence of fraud or deceit until the actual trial of the case on August 16-17, 1976.” This assertion is in an effort to show late discovery which would toll the running of the statute of limitations. So far as we are able to ascertain from the record, the only new discovery which occurred at trial was the revelation of the contents of the insurance policy. Strangely, this revelation occurred over seven years after the alleged fraud occurred. We conclude as a matter of law that the statute of limitations has run on the fraud counts. Tit. 7, § 26, Code of Alabama 1940, Recompiled 1958.
Swain’s complaint alleged breach of an oral contract by the Credit Union in that its manager, Alford, promised to procure insurance coverage to cover a default on the loan by Swain due to death or total and permanent disability. Such a contract of insurance was in effect between the Credit Union and CUNA at the time Swain secured the loan. The issue tried by the parties was not whether the Credit Union had obtained such coverage. Rather, the parties adduced proof at trial in the form of medical reports, claims, and payments for disability, etc., in an effort to show whether Swain qualified for coverage under the insurance agreement between the Credit Union and CUNA.[1] Accordingly, we review the record only to determine whether a scintilla of evidence exists as to whether appellant qualifies for coverage under the policy.
If there was coverage under the policy, Swain is by the terms of the policy a beneficiary. The policy provides that CUNA will pay the amount remaining unpaid on the loan at the time of disability. The policy specifically excludes from coverage “all loan balances of members who do not meet the physical requirements as hereinafter defined . . .”
“Physical Requirements : Coverage under this contract may be issued for any *1335 loan upon condition that the Member is physically able to perform, or within a reasonable time to resume, the usual duties of his livelihood.”
After Swain made a prima facie case of coverage, the issue then reduces itself to whether the evidence conclusively shows that he failed to meet the physical requirements. The burden in this regard fell upon CUNA to show that Swain did not meet the physical requirements at the time of the loan. First Nat. Life Ins. Co. of America v. Rector, 225 Ala. 116, 142 So. 392; Fleming v. Alabama Farm Bureau Mut. Cas. Ins. Co., 293 Ala. 719, 310 So.2d 200. Stated differently, the question is whether he was within a reasonable time after the loan able to resume the usual duties of his livelihood. The evidence was not conclusive on this point. Consequently, a jury question was presented and the directed verdict as to the contract count was improperly granted.
The judgment is therefore affirmed in part and reversed in part and the cause is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C. J., and BLOODWORTH, JONES and EMBRY, JJ., concur.

. Although there was no amendment to the pleadings to conform to this evidence, the issue was tried by consent of the parties and is properly before this court. ARCP Rule 15(b); Wright and Miller, Federal Practice and Procedure: Civil, § 1493.