# Ala. Gold Life Insurance Co. v. Garner.

*Action on Policy of Life-Insurance, by Trustee of Beneficiaries.*

1. *Proof of mistake ; to what witness may testify.*—A witness who knows that a mistake was made, and by whom made, may state those facts; but, when it is neither proved nor admitted that a mistake was in fact made, a witness can not be allowed to state, "If any mistake was made, it must have been made by me," this being merely the expression of his opinion as to a conclusion of fact to be drawn by the jury.

2. *Policy of life-insurance ; when representations are warranties ; statements as to age of applicant*—Although warranties are never favored, and will neither be created nor extended by construction; yet, when declared in express terms in a policy of insurance, the conditions and stipulations must be strictly complied with, without regard to the otherwise immaterial character of the matter to which they relate; and a representation as to the age of the applicant for a policy of life-insurance, being the basis on which the amount of the premium is computed, is necessarily material.

3. *Same ; statements in application, when made by applicant, or by agent of insurance company.*—When the answers to the questions contained in the printed form of application are written by the agent of the insurer, from his own knowledge or judgment, or from information obtained from third persons, and are untrue, or are incorrectly written down by him from answers truthfully made by the applicant, the insurance company can not take advantage of their falsity or incorrectness, although the policy is based on their truth, and declares them to be warranties; but, when they are correctly written by the agent from the verbal answers of the applicant, and are afterwards read over to him, and then signed by him, they are his answers and statements, though copied by the agent from memoranda taken by him at the time the verbal answers were made.

4. *Same ; mistakes in answers to questions in application.*—The insurance company can not take advantage of a mistake in the application, when committed by its own agent; nor can the beneficiaries, suing on the policy, claim that a false statement was made by the assured through mistake, inadvertence, or ignorance, when the statement is declared to be a warranty.

5. *Plaintiff's right to sue ; when and how questioned.*—When the trial was had on the merits, without objection to the plaintiff's right to sue as trustee, his right to maintain the action in that capacity can not be raised for the first time in this court.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by T. W. Garner, " as trustee for Eugene G. Wiley and Harry L. Wiley, children of Mrs. Sarah E. Monday, deceased ; " was commenced on the 16th April, 1884, and was founded on a " paid-up " policy of insurance for

$488, which the defendant, a domestic corporation, had issued to Mrs. Monday on her own life. The policy was dated the 27th January, 1877 ; was issued in consideration of the surrender by Mrs. Monday of a former policy held by her, and was made payable " to the children of the insured (T. W. Garner to be trustee, without bond), their executors, administrators, and assigns." The original policy, No. 3,346, the surrender of which constituted the consideration of the policy sued on, was founded on an application in the usual printed form, dated October 3d, 1872, and signed by Mrs. Monday, the assured. In this application it was stated, in answer to direct questions, that Mrs. Monday was born in Georgia, on the 18th January, 1835, and would be thirty-eight years old on her next birth-day ; and the application contained a stipulation in these words : " I do hereby agree that this declaration, and the above proposal, shall be the basis of the contract between myself and the said company ; and that if any fraudulent or untrue allegation be contained therein, or in the proposal, all moneys which shall have been paid on account of such insurance shall be forfeited to the company, and the policy void." The new policy, on which the action was founded, contained a similar stipulation, which is copied in the opinion of the court. Mrs. Monday died on the 22d August, 1883 ; and in the undertaker's certificate, accompanying the proofs furnished by plaintiff to the insurance company, it was stated that her age at that time was " 49 years, 7 months, and 4 days,"

The defendant filed a special plea, setting out the warranty clause contained in the application, as copied in the opinion of the court, and averring that Mrs. Monday falsely represented her age in said application, whereby the policy was rendered null and void. To this plea the plaintiff filed a general replication, and also a special replication ; the latter alleging that the application was filled out by the plaintiff's own agent, through whom the insurance was effected, after Mrs. Monday had signed it, and that she only stated to him, in answer to questions, that she was thirty-eight years old, and that her next birth-day would be January 18th, 1873. The general issue was also pleaded, and the judgment-entry only recites that the cause was tried on issue joined.

On the trial, as appears from the bill of exceptions, the plaintiff read in evidence the policy on which the action was founded, and the application on which the original policy was based ; proved the death of Mrs. Monday as above stated, and that the proper notice and proof of death was furnished by him to the defendant, as required by the terms of the policy, within thirty days after her death ; the undertaker's certificate being a part of that proof. The plaintiff also offered in evidence the

deposition of W. H. Carter, the defendant's agent through whom the first policy was effected on October 3, 1872; the substance of whose testimony, as to the circumstances under which the application was made and taken, is stated in the opinion of the court. The 9th direct interrogatory to this witness was in these words: "State fully all other facts you may know, that would be of benefit to the plaintiff, as if specially asked thereabout." The answer to this interrogatory, as copied in the bill of exceptions, was in these words: "*If any mistake was made in her age, it must have been made by me.*" The defendant, when filing cross-interrogatories, objected to this interrogatory, "because the same is too vague and general, and does not give any notice as to what 'other facts' the witness is expected to testify to;" and this objection being renewed when the plaintiff proposed to read the answer as evidence on the trial, the bill of exceptions states that the court "excluded all of said answer except" the words italicized. "The defendant objected to this portion of said answer being read to the jury;" which objection was overruled, and the defendant excepted.

The defendant offered in evidence "the whole of the proof of death, made under oath by plaintiff, and sent to defendant;" which included the plaintiff's own statement that Mrs. Monday was born in Randolph county, Georgia, "on the 18th January, 1834," and the certificate of the undertaker, above mentioned. The plaintiff had taken the deposition of Mrs. Henrietta Marshall, but declined to read it as evidence; and the defendant read from it the answer of said witness to one of the interrogatories, in which she stated that she had Mrs. Monday's "Family Bible," and had seen therein the entry of her birth on the 18th January, 1834. The defendant also read in evidence the deposition of T. G. Davis, the undertaker, who stated that his certificate as to the age of Mrs. Monday was based on the entry of her birth in her "Family Bible," a copy of which he appended to his answer, showing that she was born on the 18th January, 1834. Several exceptions were reserved by the defendant to the rulings of the court on portions of the evidence, which require no special notice.

This being the substance of the evidence, the defendant requested the following charges in writing: (1.) "If the jury believe, from the evidence, that Mrs. Monday signed the application for insurance on her life introduced in evidence by the plaintiff, the plaintiff is bound by the declarations and statements made therein; and if they believe, from the evidence, that she was born on the 18th January, 1834, then they must find for the defendant." (2.) "If the jury believe, from the evidence, that the application made by Mrs. Monday, on which

is based the policy sued on, shows that she was born on the 18th January, 1835; and they believe, from the evidence before them, that she was born on the 18th January, 1834, then this misrepresentation renders the policy null and void, and they must find for the defendant."  (3.)  "If the jury believe, from the evidence, that Mrs. Monday was born on the 18th January, 1834, then they must find for the defendant."  (4.)  "If the jury believe the evidence, they must find for the defendant:" As to these charges the bill of exceptions recites:  "The court refused to give each of said written charges, to which refusal the defendant excepted."

The refusal of these charges, and the several rulings on evidence to which exceptions were reserved, are now assigned as error.

OVERALL & BESTOR, for appellant.—(1.)  By the express terms of the policy, the representation as to the age of the applicant was a warranty; and if her age was therein falsely stated, the policy was void, and no recovery could be had upon it.—*Jeffries v. Life Insurance Co.*, 22 Wallace, 47; *Life Insurance Co. v. France*, 91 U. S. 510.  The policy shows the contract between the parties, and its terms must be complied with. *Insurance Co. v. Mowry*, 96 U. S. 544; *Thompson v. Insurance Co.*, 104 U. S. 153; 52 Md. 16; 82 N. Y. 189; *Ala. Gold Life Ins. Co. v. Thomas*, 74 Ala. 578.  (2.)  The plaintiff's own evidence, submitted under oath, showed that the age of Mrs. Monday was not correctly stated in her application; and although he might not be estopped, yet he adduced no evidence contradicting his own statement under oath, and all the evidence adduced supports it.  (3.)  If the misrepresentation as to her age was made by Mrs. Monday, though by mistake, the policy is nevertheless avoided, because of the warranty.  But there is no proof of any mistake, though the representation is shown to be false, except from the general statement of the defendant's agent, to which objection was made.  That statement was mere matter of opinion, and was not competent evidence.—*Perry v. Graham*, 18 Ala. 822; *Sledge v. Scott*, 56 Ala, 202; *Baker v. Trotter*, 73 Ala. 281.  (4.)  As to the admissibility and effect of the entries in the Bible as evidence, see 2 Phil. Ev. 255.  (5.)  The plaintiff shows no right of action in himself.  The children of Mrs. Monday are the beneficiaries of the policy, and it is shown that one of them is of lawful age.

L. H. FAITH, *contra*.—(1.)  The exception to the refusal of the charges asked is general, and can not be sustained if one of them was properly refused.—*Smith v. Sweeny*, 69 Ala. 526; *Stovall v. Fowler*, 72 Ala. 77.  (2.)  The general charge was properly re-

fused, because it withdrew from the jury a consideration of all the evidence, and asserted in effect, as matter of law, that Mrs. Monday did make a false representation as to her age; whereas, on all the evidence adduced, the year of her birth was doubtful, and it was doubtful whether the statement contained in the application was made by her. The only evidence contradicting that statement was the entry in the "Family Bible," as it is called; but it was not shown who wrote that entry, or when it was made, and such entries are only received as the "written declarations of deceased persons who made them."—*Cherry v. The State*, 68 Ala. 29; *Bain v. The State*, 61 Ala. 75. (3.) The ninth interrogatory to the witness Carter was proper.—*Newton v. Jackson*, 23 Ala. 335; *Eagle & Phœnix Man. Co. v. Gibson*, 62 Ala. 369. The answer was not obnoxious to the general objection urged against it, if that objection can avail at all.—*Pierce v. Jackson*, 56 Ala. 599. But the answer itself was only the statement of a conclusion from several facts. *Grey's Executor v. Mobile Trade Co.*, 55 Ala. 357; *Railroad Co. v. McLendon*, 63 Ala. 266; *Elliott v. Stocks & Brother*, 67 Ala. 290. (4.) If the mistake was in fact made by the defendant's agent, as he admits, the defendant can not take advantage of it.—*Life Insurance Co. v. Mahone*, 21 Wallace, 152; *Insurance Co. v. Wilkinson*, 13 Wallace, 222; Bliss on Life Insurance, §§ 280–91; 64 N. Y. 236, 648; *Insurance Co. v. Cooper*, 50 Penn. St. 331; *Clark v. Insurance Co.*, 40 N. H. 333; 23 Penn. St. 50; 8 W. Va. 474; 9 W. Va. 237. (5.) The plaintiff's right to maintain the action can not be questioned in this court, not having been raised in the court below.—*Strickland v. Burns*, 14 Ala. 511.

CLOPTON, J.—A mistake, and by whom made, are facts to which a witness may testify, if within his knowledge. The fact of a mistake, and knowledge of the person by whom made, are essential to the relevancy and admissibility of the evidence. It is the appropriate office of the jury to draw the conclusion as to the fact of a mistake, and as to the person who committed it, from the circumstances proved, where the witness does not know, as a fact, that any mistake was committed. The answer of the witness, Carter—"If any mistake was made in her age, it was made by me,"—is the mere conclusion or opinion of the witness, based on the mere supposition of a mistake, and should have been excluded. It is competent to prove the facts and circumstances attending the making and preparation of the application of insurance, but the conclusion therefrom must be left to the jury.— *Whizenant v. State*, 71 Ala. 383; *Perry v. Graham*, 18 Ala. 822.

2. The action is brought on a paid-up policy of insurance,

issued in January, 1877, which was based on a former policy issued in October, 1872; and contains the following provision: "*This policy is issued and accepted upon the following express conditions and agreements: First—That the answers, statements, representations and declarations, contained in, or indorsed upon the application on which policy No. 3346 was based—which application is hereby referrrd to, and made a part of this contract—are warranted to be true in all respects; and that if that policy was obtained by or through any fraud, misrepresentation, or concealment, or by any false statement, then this policy shall be absolutely null and void.*" The matter of contestation on the trial in the Circuit Court was an alleged untrue statement of the age of the assured in the application for the first policy, and in her declaration made at that time. In the application, her birth-day is given as January 18th, 1835, and her age as thirty-eight at the next birth-day; and in the declaration, she declared that her age, at the time of making her application, did not exceed thirty-eight years.

Under what circumstances representations, which form a part of the contract of insurance, acquire the character of warranties, when not so expressly declared, it is not necessary for us to consider. In the policy sued on, there is an express warranty of the truth of the answers, statements, representations and declarations, contained in, or indorsed upon the application on which the first policy issued, which are made a part of the contract. While warranties are not favored, and will neither be created nor extended by construction, when a warranty is expressly, and in terms declared, its stipulations and conditions must be strictly complied with. The question is disembarrassed of any consideration of materiality, the parties having made it material by their agreement.—*Jeffries v. Life Ins. Co.*, 22 Wall. 47; *Aetna Life Ins. Co. v. France Ins. Co.*, 91 U. S. 510. A misrepresentation as to age, however, is material, it being the basis on which the amount of premium is established. May on Ins. § 305.

3. It is insisted, that as the agent of defendant wrote and prepared the application, it is not the statement or warranty of the assured, and the plaintiff is not bound thereby. The proposition of counsel would be correct, if it were shown that the insured did not make the answer, and did not know she was doing so when she signed the application; and that the agent, who solicited the insurance, wrote the answer from his own judgment, or from information received from others; or if it were shown that true statements were made, and the agent substituted others, that were untrue; in other words, any facts showing that the answers, statements, or representations complained of, were those of the agent, and not of the assured,

*Ins. Co. v. Wilkinson,* 13 Wall. 222; *Ins. Co. v. Mahone,* 21 Wall. 152. But the fact, without more, that the application was written by the agent, from a memorandum of the answers of the assured, it having been afterwards read to and signed by her, does not constitute them the answers or representations of the company. They are in fact, and in law, her answers and representations.

4. No doubt, mistakes sometimes occur, made either by the applicant, or by the agent. If made by the agent, the company will not be permitted to take advantage of the carelessness, inadvertence, or misunderstanding of its own agent, and avoid the policy, the insured being without fault. On the other hand, if the assured made the mistake, the plaintiff will not be allowed to show her mistake, though committed from inadvertence, carelessness, or ignorance, to the detriment of the company. She warrants against her own mistakes in the answers and representations, on which the company acted in issuing the policy. If, therefore, the assured made an untrue representation of her age, whether intentionally or by mistake, the policy will be vitiated. Whatever statement she warranted must be true, as on its truth the validity of the policy, and the liability of the defendant, are dependent.

On the claim of the plaintiff, that her real answers and declarations were true, but that a mistake was made by the agent in writing the application, it is incumbent on him to establish both the mistake and its commission by the agent. As appears from the record, Carter, who was examined by the plaintiff, was the agent who took the application at the store of the plaintiff, which was a small building, and when several others were present making applications; a memorandum was made of the answers to the various questions, as they were severally and successively asked; from this memorandum the agent filled the blanks in the application, at the residence of the plaintiff, where he had a room; afterwards, Mrs. Monday, with others, came to the residence, when the application was read to, and signed by her; and while the witness does not remember what Mrs. Monday said to him about her age, he stated that he intended his memorandum to be truthful, and to follow it. Other than the evidence of this witness, there is no evidence tending to show a mistake on the part of the agent. His testimony does not show that the memorandum was incorrect in any particular, or that he did not correctly fill the blanks in the application.

On the foregoing principles, and the uncontradicted evidence, the court should have given the general affirmative charge requested by the defendant. It is unnecessary to consider the other instructions requested and refused.

[Coleman & Carroll v. Hatcher & Brannon.]

5. The general issue, and a special plea in bar, having been filed, and a trial had on the merits, without objection being made, by plea or otherwise, to the right of the plaintiff to sue in the capacity of trustee, it is too late to raise the question in this court for the first time.

Reversed and remanded.