147 So. 427

### NATIONAL LIFE & ACCIDENT INS. CO. v. BAKER.

#### 4 Div. 696.

Supreme Court of Alabama.

March 23, 1933.

Rehearing Denied April 20, 1933.

John S. Tilley, of Montgomery, for appellant.

T. S. Frazer, of Union Springs, for appellee.

FOSTER, Justice.

The suit is upon a policy of life insurance.

Special plea 2 alleged that the policy provided that no liability is assumed unless at the time when it is delivered the applicant is in sound health; that he was not then in sound health, but had syphilis, which increased the risk of loss. Special pleas 3, 4, and 7 alleged that the policy provides that no benefits shall be paid for death resulting from venereal diseases, and that his death resulted from syphilis, a venereal disease. Special plea 5 alleged that in his application he represented that he had received no medical or surgical attention in the last five years; whereas during the preceding year he had been treated by a physician for syphilis, which increased the risk of loss. Special pleas 6 and 8 alleged that in taking the application insured represented that he had never had syphilis; that the representation was false and fraudulent, for that he had within the preceding year been treated for such disease, which increased the risk of loss.

No question was raised as to the sufficiency of the pleas, and there was no replication to them. None of them stated that there was "an actual intent to deceive," but they relied upon the statement in each plea that the misrepresentations related to matter which increased the risk of loss. Section 8364, Code. So that the sufficiency of proof in respect to each plea must be measured by that form of the issue.

■■ Since the policy did contain the provisions mentioned in the pleas, the first question is whether there was sufficient evidence to submit them to the jury, and, since the verdict was for plaintiff, whether, on motion for a new trial, it was contrary to the great weight of the evidence.

On the issue made by pleas 3, 4, and 7, we note that without dispute the evidence shows that insured died of a hemorrhage, which was a symptom; that it was either caused by alcoholism or syphilis, or both combined.

The jury could have found from the evidence that it was caused by one or the other of such conditions, or that syphilis was a material contributing cause. But there was no occasion for the affirmative charge, and it is not necessary to discuss the evidence in this connection.

As to plea 5, the evidence showed without dispute that insured had been treated for the disease named in it contrary to the statements in the application. So that a material issue on that plea was whether the fact of such treatment increased the risk of loss as alleged in it. This court has held that we will not take judicial knowledge of that fact. La. State Life Ins. Co. v. Phillips, 223 Ala. 5, 135 So. 841; Mutual Life Ins. Co. v. Mankin, 223 Ala. 679, 138 So. 265. In this case, as in them, the proof showed that there was a sure test of the existence of the disease, and a treatment which completely cures in most cases when properly applied, in its early stages.

The application was dated September 29, 1930. The evidence showed that in February before a test was made and pronounced positive. He was a meat cutter in a market. The test was required by county health authorities. He was immediately suspended from his work and treatment given by a skillful physician, who discharged him in June, though there is some confusion in the dates, whether it was then or on September 29th. But he was at his work again on that day, discharged by his physician as cured, and by permission of the health officer, though no test was made. In February, 1931, he died, after having developed alcoholism by almost continuous use of liquor since then, and without any further test for syphilis, and while continuously on his job in the meantime as a meat cutter. The doctors said that the hemorrhage was caused by syphilis or alcoholism. They made no test to know for sure.

In the two cases cited above, the question, as here, was whether it increased the risk of loss. Since the jury could find upon a reasonable theory of the evidence that he had been cured of it by September 29th, and did not increase the risk of loss, when he signed the application for insurance, we cannot hold that the affirmative charge was due defendant on those pleas, nor that the verdict should be vacated because of the great preponderance of the evidence in their support.

Since plea 2 relates to the soundness of his health on the policy date, as affected by the disease we have discussed, we think that for like reasons there was no error in connection with the charge based on it. Pleas 6 and 8 are also dependent upon the same course of reasoning.

The questions constituting the fourth and fifth assignments merely call for the opinion of the expert as to matter about which he had fully expressed his opinion.

Insured was employed by one Griffin. The physicians testified that, when the test was made and found positive, he was laid off and did not go back to work until after his treatment had ended and he was discharged; that his physician then reported his condition to the health officer when he was put back on his job, and he continued on it until his death. There was no other test nor diagnosis made for syphilis before his death. There was no replication alleging that there was a waiver of the conditions of the policy, nor that the agent had written in the application answers which he knew were false, or which had not been made to him by the applicant. Triple Link Mut. Ind. Ass'n v. Williams, 121 Ala. 138, 26 So. 19, 77 Am. St. Rep. 34; 32 Corpus Juris, 1290; Am. Cent. Life Ins. Co. v. First Nat. Bank, 206 Ala. 535, 90 So. 294; Williamson v. N. O. Ins. Ass'n, 84 Ala. 106, 4 So. 36; Ala. Gold Life Ins. Co. v. Garner, 77 Ala. 210; First National Life Ins. Co. v. Rector, 225 · Ala. 116, 142 So. 392.

██ But pleas 6 and 8 allege that insured had falsely and fraudulently represented to defendant that he had never had such disease. To constitute a good plea it was not necessary to allege that the representation was fraudulent since it alleged that it increased the risk of loss. Metropolitan Life Ins. Co. v. Goodman, 196 Ala. 304, 71 So. 409. It also alleged that defendant relied on such misrepresentations to its injury in issuing the policy. If the agent did not ask the insured the question, but wrote down the answer as though he had done so, it was not a false and fraudulent representation in the absence of collusion between him and the agent. So that the sixth assignment does not show reversible error.

██ The witness also says that he talked to Caden, who the jury could find was the agent of defendant who took the application, at the time he was forced to let insured off because he was diseased as described; that witness was paying the premiums, and Caden asked him if he was going to keep paying them; that in that conversation he mentioned to Caden that insured was afflicted with such disease. This evidence is confusing in connection with the other features of it. It indicates in one aspect that the insurance was in existence when insured was laid off his job. This is refuted by all the other evidence. It indicates, however, that about the time he was laid off the conversation occurred in which witness talked to Caden about the insured being so afflicted. This was, as the jury could find, prior to the date of the application for the insurance, and therefore there were no premiums then to be paid. If thereby the witness was testifying that before the application was taken he had a conversation with the agent of defendant who took the application and wrote it out, and wrote the answers, in which it appears the applicant an-

504

swered that he was not so afflicted, when no such question was asked nor answered, and when such agent had notice that what he was writing was not true, and in the absence of collusion with the insured, such testimony tended to show that insured made no false and fraudulent representations as alleged in pleas 6 and 8. And since, "under such circumstances, the knowledge of the agent is the knowledge of the company" (Triple Link Mut. Ind. Ass'n v. Williams, supra, and other cases supra), the evidence is also material upon the allegations of those pleas that the defendant relied on such representations in issuing said policy.

If such evidence related to what occurred after the issuance of the policy, a different question would be presented.

Since the evidence is confusing as to whether it occurred before or afterwards, and since the burden is on appellant to show reversible error, we cannot sustain appellant's seventh or eighth assignments.

We think that the evidence was not so decidedly contrary to the verdict of the jury as to justify us in reversing the order of the court denying the motion for a new trial.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.