153 So. 868

# NATIONAL LIFE & ACCIDENT INS. CO. v. LOGAN.

### 6 Div. 529.

Supreme Court of Alabama.

March 29, 1934.

McEniry & McEniry, of Bessemer, for appellant.

J. A. Lipscomb and H. P. Lipscomb, Jr., both of Bessemer, for appellee.

GARDNER, Justice.

A life and health insurance policy was issued to plaintiff by defendant September 5, 1927, and that insured was totally disabled by sickness in the fall of 1931, for a period of thirteen weeks, during which time the policy was in full force and effect, is without dispute.

The defense rested upon the theory that plaintiff was not in sound health at the time of the delivery of the policy, and, further, that his sickness was due to a venereal disease known as syphilis, in which event, under the express terms of the policy, no liability accrued. The defense, first above referred to, rested upon the same contention as the second, that plaintiff was afflicted with syphilis when the policy was delivered.

Our decisions are to the effect that the courts will not take judicial knowledge that syphilis is a disease that will increase the risk of loss. Ex parte Mutual Life Ins. Co. of N. Y., 227 Ala. 276, 149 So. 875; National Life & Accident Ins. Co. v. Baker, 226 Ala. 501, 147 So. 427.

Defendant's proof tended to show, however, that the insured was suffering from syphilis in its third stage, and to the extent that such sickness did increase the risk of loss. That plaintiff did have syphilis in 1920, and was treated therefor, is admitted. Defendant insists the disease continued, and subsequent treatments administered. A number of doctors give it as their opinion the disease continued.

Plaintiff was in the employ of the Tennessee Coal & Iron Company, and the services of those physicians who were on the medical staff of the company were readily available to him. Their testimony presents a formidable defense. But it was not unopposed. Plaintiff's testimony and that of his "Bessemer doctor" (to use plaintiff's designation) was to the effect that he had recovered from syphilis before the issuance of the policy, and that in fact his sickness was due to focal infection, pus from the teeth or tonsils,

410

and that his treatment upon this theory had resulted in restoration to normal condition. And one of the physicians testifying for defendant stated that plaintiff "seems to be in pretty good shape." These physicians were of the opinion this improved condition was a result of their previous continued treatments for syphilis; but the testimony of plaintiff and his "Bessemer doctor" was to the effect these treatments were unavailing, and relief was only obtained when the change was made upon the diagnosis of focal infection.

The evidence was in conflict, and the affirmative charge properly refused. National Life & Accident Ins. Co. v. Baker, supra.

A more difficult question is presented upon the denial of the motion for a new trial on the ground that the verdict was contrary to the great weight of the evidence. We have read and considered the evidence with great care. To discuss it in detail would serve no useful purpose. The difficulty experienced here upon this question is reflected by the history of the case in the lower court, where it appears that upon the first hearing a mistrial resulted, and a second trial on the facts became necessary. Upon due consideration, and guided by the rule which controls, and which is too well understood to require repetition here, we are at the conclusion that the case is not one in which the ruling of the trial judge on the motion should be here disturbed.

■ Plaintiff, as a witness in his own behalf, admitted having had syphilis and the treatment of the doctors for that disease. It would seem the question propounded to him on cross-examination (assignment No. 7) was more in the nature of an argument than a bona fide examination, especially in view of his previous testimony, which must have foreshadowed an affirmative response. Moreover, there was no issue of fraudulent representations. There was no application shown, and no question asked plaintiff when the policy was issued, and no pretense of any collusion between plaintiff and any agent of defendant.

The case was tried throughout upon the issues first above noted, and no proof tending to show any fraudulent representations was offered. National Life & Accident Ins. Co. v. Baker, supra.

We are of the opinion no reversible error appears, and that the judgment should accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.