156 So. 844

## INTER–OCEAN CASUALTY CO. v. ERVIN.

### 4 Div. 769.

Supreme Court of Alabama.
Oct. 11, 1934.

J. T. Jackson, of Dothan, for appellant.

Beck & Yarbrough, of Enterprise, for appellee.

BOULDIN, Justice.

The action was to recover the death benefit under a policy of accident and health insurance. On the trial the court gave the affirmative charge, with hypothesis, for plaintiff.

313

The substantial issue was presented under plea 4, and special replication thereto.

Plea 4, among other things, relies upon a misrepresentation in the application saying: "Neither my hearing nor vision is impaired." In fact the insured was deaf and dumb. The replication, on which issue was joined, recited:

"Plaintiff says further that if it is stated in said application that the hearing of said applicant was not impaired that said statement was written therein by defendant's said agent without the knowledge or consent of said applicant or this plaintiff. That at the time of making said application or the day before, defendant's agent, acting within the line and scope of his duty, asked the said Mary Jane Ervin in the presence of the plaintiff if her hearing was impaired and that the said Mary Jane Ervin informed him that she could not hear and that at the same time the plaintiff informed said agent that said applicant could not hear and that said agent was fully informed of the truth of applicant's physical condition and that if incorrect answers were written into said application said applicant and this plaintiff knew nothing about it and if a fraud was practiced in procuring the policy they did not in any way participate therein."

The evidence, without dispute, disclosed that the insured, a negro woman, Mary Jane Ervin, could not read or write, neither could her brother, the plaintiff and beneficiary; that the soliciting agent of the insurer filled out the application in the presence of both; that the brother informed the agent the applicant was deaf and dumb; that answers to questions were given through the brother, he and his sister using sign language; that neither of them had any knowledge that the agent inserted in or failed to strike from the application the clause relied upon by defendant.

■ It is fully settled in this jurisdiction that misrepresentations resulting solely from the act or oversight of the soliciting agent taking the application, without the knowledge of the insured or beneficiary, are not available to the insurer, although the issuing authority acts upon the application as presented, and without knowledge of the misfeasance of its agent. American Cent. Life Ins. Co. v. First Nat. Bank of Enterprise, 206 Ala. 535, 90 So. 294; Williamson v. New Orleans Insurance Association, 84 Ala. 106, 4 So. 36; Alabama Gold Life Insurance Co. v. Garner, 77 Ala. 210; First Nat. Life Ins. Co. of America v.

Rector, 225 Ala. 116, 142 So. 392; National Life & Accident Ins. Co. v. Baker, 226 Ala. 501, 147 So. 427; American Life Ins. Co. v. Buntyn, 227 Ala. 32, 36, 148 So. 617.

■ In this state of the record it is not necessary to consider whether deafness materially increases the risk of loss in life or accident insurance, nor whether an experienced insurance man may so testify as an expert witness.

■ What has been said applies also to the alleged discrepancy between the age of insured stated in the application and that appearing in the proof of death. The sole evidence is that the agent inserted the age on his own judgment, without inquiry of the insured or beneficiary, and without their knowledge.

■ The evidence, including that of the attending physician, discloses death resulted from an accidental fall from a porch, resulting in paralysis, and death a few days later. There was no evidence that the deaf and dumb condition or other disease or infirmity contributed to the paralysis and consequent death. No issue, therefore, was presented for the jury under plea 5 stipulating a different recovery in case of death partly from accident and partly from disease or infirmity.

We find no error in giving the affirmative charge for plaintiff.

Affirmed.

ANDERSON, C. J., and GARDNER and KNIGHT, JJ., concur.

─For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes