1 So.2d 392

**PRUDENTIAL INS. CO. OF AMERICA v. HERRING.**

**6 Div. 813.**

Supreme Court of Alabama.

March 6, 1941.

Rehearing Denied April 3, 1941.

122

Harsh, Harsh & Hare, of Birmingham, for appellant.

Ling & Bains, of Bessemer, for appellee.

BROWN, Justice.

Special assumpsit by the personal representative of Georgia Ann Herring, deceased, on three policies of life insurance, issued to the deceased on her application without medical examination, separately declared on in the three counts of the complaint.

The defendant pleaded the general issue, and special pleas numbered from three to twenty-eight, inclusive all except twenty-eight, setting up false representations as to the insured's health in the application, alleged to have been made by the insured with intent to deceive and accepted by the defendant as true in the issuance of the respective policies, or that they were material to and increased the risk of loss, and false.

To these several special pleas the plaintiff filed eight special replications, each of which embodied averments which did not, without condition, confess the averments of the pleas which they propose to answer. To illustrate, replication two avers "that *if it is stated* in said application that the insured's condition of health was good at the time of signing the said application." Also, that defendant's agent "did not ask the said Georgia Ann Herring *in the presence of the Plaintiff* if her health was good." The pleas do not aver that the representations were made in *plaintiff's presence*. [Italics supplied.]

The said several replications were subject to some of the grounds of demurrer specifically stated in the demurrer interposed to them, notably ground "28. The averment that 'if' any incorrect answers were written in said application plaintiff knew nothing about it, neither traverses nor confessed or aboids [avoids]." So, also, ground 2, "Said replication does not traverse nor does it confess * * * the material averments of defendant's plea." The court, therefore, erred in overruling the demurrer to the several replications. Smith Bros. & Co. v. Agee & Co., 178 Ala. 627, 59 So. 647, Ann.Cas.1915B, 129.

In view of this holding the pleadings must be recast for another trial, and therefore we deem it unnecessary to treat the other arguments which arise out of the issues as found by said pleas and the replications thereto.

For the error noted the judgment will be reversed.

Reversed and remanded.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.

### On Rehearing.

BROWN, Justice.

■ The appellee states as his "Proposition One" that: "A replication in confession and avoidance that avers, 'that *if it is stated* in said application that the insured's condition of health was good at the time of signing said application,' is a tacit admission that it is stated in said application that the insured's condition of health was good and is not demurrable for failure to confess and avoid or traverse." Citing Inter-Ocean Casualty Co. v. Ervin, 229 Ala. 312, 156 So. 844.

An examination of the cited case shows that the replication in that case was not demurred to, and the case does not sustain the stated proposition.

■ In the instant case the replications were demurred to, and considering their sufficiency in the face of the demurrer, their averments can not be aided by implication or intendment. All such must be resolved against the pleader. Stewart v. Smith, 16

Ala.App. 461, 463, 78 So. 724; Walker v. Alabama, Tennessee & Northern Railway Co., 194 Ala. 360, 70 So. 125.

He further insists that by the averment in the replication that, if the alleged false representations were made in the application, they were not made in plaintiff's presence, the plaintiff assumed a greater burden than was necessary for him to assume. We are of different opinion. Said averments narrowed the issue to proof of false representations in plaintiff's presence, and put plaintiff in position where he could meet the averments of the pleas by his own testimony.

Application for rehearing overruled.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.