182 So.2d 913

**COASTAL STATES LIFE INSURANCE COMPANY**

**v.**

**G. Kyser LEONARD.**

**7 Div. 626.**

Supreme Court of Alabama.

Feb. 10, 1966.

Dixon, Wooten & Boyett, Talladega, for appellant.

Riddle & Smith and Philip H. Smith, Talladega, for appellee.

LIVINGSTON, Chief Justice.

With the exception to be noted later, the appellant's statement of the case is agreed to by the appellee. That statement is as follows:

"This is an action brought by the Plaintiff-Appellee as beneficiary under an accident insurance policy issued by the Defendant-Appellant, on April 5, 1961, insuring one Carl F. Leonard, brother of the appellee, wherein the appellant agreed to pay certain benefits in the event of the death by accidental means. The insured met his death as a result of injuries received in an accident while operating an automobile on November 14, 1961. The original complaint consisted of One Count and was subsequently amended by adding Count Two and Count Three. The appellant's demurrer to the complaint, as amended, was overruled by the Court, and the appellant filed a plea of the general issue in short by consent with tender of premiums paid in the usual and accepted form. The Court granted motion of appellee to strike Count One of the complaint and the case was submitted on Count Two and Count Three of the amended complaint. The case was tried on April 10, 1963, by the Court, without the intervention of a jury, and the issues were presented to the Court upon an agreed stipulation of fact between the parties, together with some testimony from the Plaintiff. On May 24, 1963, judgment was entered against the appellant, which was argued and submitted. This motion was overruled by the Trial Court by judgment dated June 24, 1963, and the appellant appealed from these two judgments of the Trial Court.

"The issues presented by the appeal involve the question of whether or not the policy was in force and effect on the date of the death of the insured because of misrepresentations contained in the written application for the policy, which application was attached to and constituted a part of the policy issued by the appellant."

The exception noted above is this statement of the appellee:

"The statement of the case as set out in Appellant's brief is correct except for the last paragraph, which gives the 'issues presented by the appeal.'

"The issue on this appeal simply is, to whom is the error made in the application for insurance chargeable, when the error was made by insurer's agent without any knowledge or participation therein by the insured or beneficiary?" [Transcript page numbers omitted.]

We think there is little or no material difference in the appellant's statement of the case and the appellee's statement.

The stipulated facts are as follows:

"The parties hereto, G. Kyser Leonard, Plaintiff, by and through his attorney, Phillip H. Smith, and Coastal States Life Insurance Company, a Georgia Corporation, Defendant, by and through its attorney, Byron D. Boyett, hereby make and agree to the following stipulation of fact to become

part of the record of the above-styled cause:

"1. On March 28, 1961, Plaintiff made application with Defendant for an accident insurance policy on Plaintiff's brother, Carl Fowler Leonard, the application being made to S. Ferrin Kimbrough. Plaintiff signed the name of Carl F. Leonard to said application.

"2. Subsequently, Defendant issued its insurance policy insuring the life of Carl F. Leonard in the event of death or dismemberment occurring as a direct result of accidental bodily injuries, independently and exclusively of all other causes. Said policy was duly executed and issued by Defendant, and is Policy No. 413–0014031, dated April 5, 1961.

"3. When said policy was delivered on April 10, 1961, Plaintiff personally signed the name of Carl F. Leonard to a receipt for said policy, which receipt is dated April 10, 1961.

"4. Said policy was in full force and effect on November 14, 1961, at the time of the death of said Carl F. Leonard, unless said policy is void or voidable due to misrepresentation in the application therefor made with actual intent to deceive or such misrepresentation which increased the risk of loss.

"5. The photostatic copy of said insurance policy which is attached to the first amendment to plaintiff's complaint, marked Exhibit 'A,' is a true and correct copy of said insurance contract and of all the provisions thereof.

"6. Said Carl F. Leonard died on the 14th day of November, 1961, as a direct result of accidental bodily injuries, independently and exclusively of all other causes, of which the defendant had notice prior to the filing of said cause.

"7. At the time application was made for said policy, on March 28, 1961; the Alabama State Driver's License of said Carl F. Leonard had been revoked.

"This the 10th day of April, 1963."

In addition to the foregoing stipulation, G. Kyser Leonard, the plaintiff, and M. L. Colvard, testified for the plaintiff. The plaintiff introduced the policy of insurance. Defendant introduced the receipt signed by Kyser Leonard with the name of his brother, Carl Fowler Leonard, for the policy of insurance when it was delivered.

The testimony of G. Kyser Leonard and Mr. Colvard tended to prove the following facts: That Kyser Leonard and Mr. Colvard were doing business in Talladega, Alabama, as a partnership under the name of The Usrey Funeral Home and Flower Shop; that on March 28, 1961, one Mr. S. F. Kimbrough, who was at that time admittedly the soliciting agent for Coastal States Life Insurance Company, a Georgia Corporation, was in the Usrey Funeral Home for the purpose of soliciting insurance; he had been there on several prior occasions; Mr. Kyser Leonard and Mr. Kimbrough discussed certain types of insurance, and Mr. Kimbrough suggested an accident policy on Mr. Kyser Leonard himself; they also discussed insurance on the Usrey Funeral Home and the Flower Shop, and discussed insurance generally. Mr. Kyser Leonard agreed to take out a $10,000 accident policy on himself, with his estate as the beneficiary. Mr. Leonard told Mr. Kimbrough, "I'll take out an accident policy on my brother, Carl F. Leonard, the same as I'm getting on myself." His brother at that time owed him money and he was also surety on a loan made to his brother, Carl F. Leonard, by the Talladega National Bank. On that particular afternoon, there was some confusion, more or less, as the funeral home was conducting two or three funerals that afternoon, and people were coming and going throughout the home. Mr. Kyser Leonard agreed to take out a $3,000 accident policy on his brother, Carl F. Leonard. The soliciting

agent, Mr. Kimbrough did not ask him this question: "Have you or any of such family members ever had a drivers' license revoked?" but only asked him the name, age and address of his brother, Carl F. Leonard, and who was to be the beneficiary in that policy. Mr. Kyser Leonard gave him the information requested. The agent handed him the application and he signed it in the name of his brother, Carl F. Leonard. The policy was later delivered and Mr. Kyser Leonard paid the premiums on it. Mr. Carl F. Leonard never saw the policy nor did he know it was in existence. Mr. Kyser Leonard signed the receipt for the policy when it was later delivered to him, but he never read the receipt nor the policy and did not know their contents until after his brother was killed in an automobile accident.

The defendant introduced the receipt signed by Mr. Kyser Leonard with the name of his brother, Carl F. Leonard. The receipt contained the following:

"IMPORTANT PLEASE READ CAREFULLY IMPORTANT

"Policy Number 14031

"The attached insurance policy was issued on the basis of the answers given in your application. It is your responsibility to be sure the questions are completely and accurately answered. A photostatic copy of your application is attached and made a part of your policy contract.

"PLEASE REVIEW THE COPY OF YOUR APPLICATION AND LET THE COMPANY KNOW IMMEDIATELY IF ANY QUESTION IS NOT ANSWERED PROPERLY, SINCE AN IMPROPER ANSWER COULD MEAN YOUR INSURANCE IS NOT IN FORCE.

Date April 10, 1961

/s/ Carl F. Leonard
Signature of Applicant

/s/ S. Ferrin Kimbrough
Agent."

The policy delivered to Mr. Kyser Leonard contained the following provisions:

"THE CONSIDERATION for this Policy is the application herefor and the payment on or before delivery of this Policy of the applicable premiums as provided herein.

* * * * * *

"ENTIRE CONTRACT: CHANGES. This Policy, including the endorsements and the attached papers, if any, constitutes the entire contract of insurance."

The pivotal question presented in this case is posed by the following question and answer contained in the application for insurance:

"Have you or any of such family members ever had a drivers' license revoked? No."

It is undisputed that at the time the application was signed by G. Kyser Leonard on March 28, 1961, the Alabama State Driver's License of Carl F. Leonard had been revoked.

 We think it is clear that our cases hold that an insurance company cannot defend a suit on its policy on the grounds that there are misrepresentations in the policy application, if the misrepresentations are the fault of its own agent without participation by the insured or the beneficiary, even where the application is a part of the policy.

In Alabama Gold Life Insurance Co. v. Garner, 77 Ala. 210, although the comments are dicta, the Court said:

"It is insisted, that as the agent of defendant wrote and prepared the application, it is not the statement or warranty of the assured, and the plaintiff is not bound thereby. The proposition of counsel would be correct, if it were shown that the insured did not make the answer, and did not know she was doing so when she signed the application; and that the agent, who solicited the insurance, wrote the answer from his own judgment, or from information received from others; or if it were shown that true statements were made, and the agent substituted others, that were untrue; in other words, any facts showing that the answers, statements, or representations complained of, were those of the agent, and not of the assured. * * *"

In Williamson v. New Orleans Insurance Ass'n., 84 Ala. 106, 4 So. 36, where the application was made a part of the contract and contained warranties of the truth of the answers, notwithstanding this, the Court held that:

"* * * if the agent of the insured made true statements of the condition of the title and ownership of the property to the agent of the defendant, at the time the application for insurance and the answers were made, and the agent of the defendant nevertheless wrote the answer as appears in the application, thus substituting an answer which was untrue, the answer is the statement of the agent, and not of the assured. In such case the defendant will not be permitted to take advantage of the wrongful act, or misconstruction, or mistake, of its own agent, and avoid the policy, the insured being without fault. * * *"

In First Nat. Life Ins. Co. of America v. Rector, 225 Ala. 116, 142 So. 392, suit was by the husband and beneficiary of the insured on a life insurance company policy. The evidence for the plaintiff was that the insured was not present when the application was taken, and application was made by the plaintiff's beneficiary, her husband; the plaintiff's evidence was that he did not read or fill out the application, but simply answered the questions asked him by the defendant's local agent and that any false statements were the work of the defendant's agent and unknown to the plaintiff. This Court again pointed out that if such a fraud is perpetrated by defendant's agent, with neither the insured or the beneficiary participating therein, such fraud cannot be set up in defense of the policy. In that case, neither insured or beneficiary signed the application, but the agent for the insurance company signed for the insured.

In Inter-Ocean Casualty Co. v. Ervin, 229 Ala. 312, 156 So. 844, in a suit filed on an health and accident policy by a beneficiary, it was said:

"It is fully settled in this jurisdiction that misrepresentations resulting solely from the act or oversight of the soliciting agent taking the application, without the knowledge of the insured or beneficiary, are not available to the insurer, although the issuing authority acts upon the application as presented, and without knowledge of the misfeasance of its agent. * * *"

The above quotation was reiterated in the case of Jersey Ins. Co. v. Roddam, 256 Ala. 634, 56 So.2d 631. To like effect is United Security Life Ins. Co. v. St. Clair, 41 Ala.App. 243, 130 So.2d 213, cert. den. 272 Ala. 711, 130 So.2d 219.

Seven Couch on Insurance, 2d Edition, Sec. 35:186, p. 211, contains the following:

"*Misrepresentation By Agent Inserted Without Inquiry or of His Own Knowledge.*

"Where an insurance agent fills out an application of his own motion and

without inquiry, or of his own knowledge, for signature, representations therein, if false or incorrect, do not conclude the insured, and may be either stricken from the application or treated as true; at least, where the applicant has acted in good faith, and there has been no fraud or collusion on his part, for in such case, no false or fraudulent representations can be imputed to the insured, and clauses in the policy inconsistent with the true conditions are waived.

"In other words, if an application for insurance is made out by an agent of the insurer, acting on his own knowledge, the insurer ratifies his acts by granting the policy, and, if he was mistaken in the representations which he makes in the application, the insurer cannot insist upon it as a defense to a recovery. So, it is said that the insurer is bound by a policy issued upon the strength of information obtained by its agent by personal examination or investigation, since the insured, if he has not participated therein, is not responsible for the mistakes or carelessness of the insurer's agent, even though he is but a subagent.

"The same result, namely, that the insurer is bound in spite of the misrepresentation of its agent, may sometimes be reached by holding that where an agent fills out an application for insurance without inquiry, merely presenting the application to the insured for his signature, the answers to the questions in the application are representations and not warranties.

"Whether or not the insurer's agent filled in the answers on his own knowledge and without inquiry is for the jury where the evidence is conflicting."

Supportive of the foregoing text, Couch cites National Life & Acc. Ins. Co. v. Baker, 226 Ala. 501, 147 So. 427; Inter-Ocean Cas. Co. v. Ervin, 229 Ala. 312, 156

So. 844 (agent wrote in insured's age without inquiry). See also 29 Am.Jur., Insurance, Sec. 695, p. 958; 45 C.J.S. Insurance § 480, p. 210.

The trial court did not err when he entered judgment for the plaintiff, nor when he overruled appellant's motion for new trial and rehearing.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.